ADELINE SCROGGIN v. THE STATE.

*No. 7460.    Decided June 24.*

1. **Evidence—Principals, etc., not Competent Witnesses.**—Persons charged as principals, accessories, or accomplices, whether in the same indictment or in different indictments, can not be introduced as witnesses for one another.

2. **Same.**—The rule above stated applies only to parties indicted. Parties who have not been indicted are competent to testify even though they may be suspected of complicity in the crime.

APPEAL from the District Court of Dallas. Tried below before Hon. Chas. Fred. Tucker.

The opinion states the case as to the question decided.

*Russell, Cooper & Lemmon,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was tried for the murder of one Eddie Gilbreath by cutting her with a knife. The trial resulted in a verdict of guilty of manslaughter, the penalty being assessed at two years and nine months in the penitentiary. On the trial of this case the defendant introduced one Rachel Quinn, and proposed to prove by her that she (the witness) was present and saw the difficulty between defendant and the deceased, and also proposed to prove by this witness the acts and conduct of the parties at the difficulty and the facts connected with the killing. Counsel for the State objected to the said witness testifying in the case, upon the ground that Rachel Quinn had been charged by affidavit jointly with this defendant with the murder of the deceased.

On hearing of this objection it was shown to the court that the witness Rachel Quinn had been brought jointly with defendant before a justice sitting as an examining court, and upon the examination of the case he held the defendant to bail in the sum of $1500, and the witness Rachel Quinn in the sum of $500, to appear in the District Court and await the action of the grand jury with regard to the charge of murder preferred against them by said affidavit. It was shown that while this appellant had been indicted, the witness had never been indicted by the grand jury of Dallas County for this murder.

The court sustained the objection and excluded the testimony of the witness.

Our statute provides, that persons charged as principals, accessories, or accomplices, whether in the same indictment or in different indictments, can not be introduced as witnesses for one another. This statute applies to parties indicted. Parties who have not been indicted are competent to testify, even though they may be suspected of complicity in the crime. Until indicted a party is not rendered incompetent to testify in behalf of the defendant on trial who has been indicted.

The court erred in excluding this testimony of Rachel Quinn, and her testimony as set out in the bill of exceptions is certainly of a most important character, and if believed by the jury would probably have great weight in its effect upon the verdict at another trial.

For the error committed in excluding this testimony, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.