### JOHN WALKER v. THE STATE.

No. 2537. Decided March 4, 1903.

**1.—Local Option—Evidence as to Other Sales.**

On a prosecution for violating local option, where the evidence of the prosecuting witness was positive, direct and unquivocal as to the purchase by him of the whisky from defendant, and his payment therefor, evidence of other sales by defendant was inadmissible.

**2.—Same.**

In prosecutions for violating local option, evidence of other sales than the one charged is admissible only when tending to develop the res gestae, or connect the defendant with the sale charged or to show system.

Appeal from the County Court of Eastland. Tried below before Hon. J. R. Stubblefield, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $100 and thirty days imprisonment in the county jail.

No statement necessary.

*J. J. Butts, D. G. Hunt,* and *Earl Conner,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and thirty days confinement in the county jail.

The fifth bill of exceptions complains that while the prosecuting witness, H. H. Alexander, was on the witness stand, and having testified to the sale of intoxicating liquor to him by the defendant on the date

charged in the information, counsel for the State thereupon asked witness the following question: "State whether or not you ever bought any intoxicating liquors from defendant at any other date than on January 10, 1902, or immediately thereafter." To which question the witness replied: "I never bought any before January 10, 1902, but on January 16, and February 6, 7· and 9, 1902, I bought other intoxicating liquors from defendant." To which counsel for defendant objected, because irrelevant, immaterial and prejudicial to defendant; and because evidence of other and distinct offenses than the one charged is never admissible unless for the purpose of showing intent, system or res gestae, neither of which were involved in this case, and because the State had elected and there was then pending prosecutions against defendant for selling intoxicating liquor in violation of ·the local option law to said witness on the dates mentioned. This testimony was inadmissible. In prosecutions for illegal sale of liquor in a local option district, evidence of sales other than the one charged is admissible only when tending to develop the res gestae or to connect defendant with the sale charged. If the evidence in this case had shown any peculiar method by which appellant effected the sales to the prosecuting witness, similar method or methods resorted to to sell whisky to said witness or other witnesses would be admissible to show the manner or system whereby appellant sold the whisky. But in this case there is direct, positive and unequivocal testimony on the part of the prosecuting· witness that appellant sold him the whisky and received his pay therefor. This being true, evidence of other sales could throw no·possible legitimate light upon the sale charged in the information, but would merely serve, as indicated by appellant's counsel, to prejudice defendant's cause and increase the verdict of the jury. Where the sales are separate and distinct, as in this case, one sale could throw no light upon the other. We accordingly hold that the court erred in admitting this testimony. See Johnson v. State, 42 Texas Crim. Rep., 618. We do not· deem it necessary to discuss other alleged errors.

For the reason indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*