### R. J. Grimes v. The State.

#### No. 2506. Decided March 4, 1903.

**Local Option—Evidence of Other Sales.**

On a trial for violation of local option, evidence of other sales than the one prosecuted for is inadmissible where they do not serve to identify the transaction, are not res gestae, and which do not prove a system under which the law was being violated.

Appeal from the County Court of Midland. Tried below before Hon. E. R. Bryan, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement required.

*Woodruff & Hughes* and *Cunningham & Oliver,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Bill of exceptions number 2 complains of the following matter: "The State placed Pap Smith on the stand, and asked said witness what intoxicating liquors, if any, he had bought from defendant within two years prior to the filing of the information herein. Whereupon defendant objected, because the evidence of said witness was not shown to be necessary to prove the intent of appellant, to develop the res gestae of the transaction charged against defendant, or to identify the transaction with the information alleging a sale to Charley Clark, and that the evidence elicited would be proving a substantive, separate and distinct offense from the one charged in the information, and was irrelevant and inadmissible for any purpose whatever, and calculated to materially prejudice the rights of the defendant. The court then asked the State for what purpose said evidence was admissible. State's counsel replied, 'To prove system of sales by defendant.' Defendant objected because the same did not prove system. The court overruled defendant's objection, and said witness was permitted and did testify that in the month of November—some time in the latter part thereof—1901, he purchased from defendant a bottle of beer, paid him 20 cents therefor, and said purchase was in the town of Midland, Midland County." This testimony was not admissible, for the reasons stated by appellant. Appellant concedes in his able brief that we have held in Young v. State, (Texas Crim. App.), 66 S. W. Rep., 567, that it is permissible to show other sales where the crime is committed in a peculiar manner, and thereby indicates a system under which the law is being violated. But where there is no system, and the evidence can not serve to identify the transaction, or is not a part and parcel of the res gestae thereof, it can

not shed light upon the transaction, but would merely serve to prejudice the rights of appellant. Proof that appellant sold whisky to Smith per se would not be evidence of the fact that he sold whisky to the purchasing witness in this case. Freedman v. State (Texas Crim. App.), 38 S. W. Rep., 993; Smith v. State (Texas Crim. App.), 24 S. W. Rep., 27.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*