## Dan Gill v. The State.

### No. 1817.　Decided October 23, 1912.

**1.—Recognizance—Dismissal.**

Where an appeal was dismissed because of a defective recognizance, the same was reinstated upon the filing of a valid recognizance.

**2.—Selling Liquor Without License—Information—Surplusage.**

Where, upon trial of selling spirituous and other liquors by retail without license, the information charged this offense, even after the surplus words objected to were stricken out, the same was sufficient.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of retailing spirituous and other liquors, keeping or being concerned therein under articles 496 and 500, Revised Penal Code, the evidence established the fact that the defendant could not obtain license in that portion of the city where the liquor was kept for retail, and that he was personally concerned in keeping and selling malt liquors, the conviction was sustained.

**4.—Same—Charge of Court—Accomplice.**

Upon trial of being concerned in keeping a certain house where spirituous and other liquors were sold and kept for sale by retail without license, there was no error in the court's failure to charge on the law of accomplice. Moreno v. State, 64 Texas Crim. Rep., 660, and other cases.

**5.—Same—Charge of Court—License.**

In a prosecution for being concerned in keeping a certain house for the sale of intoxicating liquors by retail, the fact that the sales were made in territory where defendant could not obtain license would be no defense, and there was no error in the court's failure to charge thereon. Following Joliff v. State, 53 Texas Crim. Rep., 61.

Appeal from the County Court of Dallas County-at-law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of being concerned in selling and keeping for sale intoxicating liquors by retail without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Walker & Williams* and *Robert B. Allen,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—At a former day this case was dismissed because of defective recognizance. Since then appellant has filed a valid recognizance and we will now consider it on its merits.

Appellant was prosecuted under an information containing several counts, but the court in his charge only submitted the third count, under which appellant was convicted. This count charged: "And in the name and by the authority aforesaid, the county attorney aforesaid further presents in and to said court, that one Dan Gill heretofore on the 16th day of July, A. D. 1911, in the county and State aforesaid, did unlawfully and directly and indirectly keep and was

concerned in keeping a certain house then and there situated as a house where spirituous, vinous and malt liquors were sold and kept for sale, in quantities of one gallon and less than one gallon without having first obtained a license under the laws of the State of Texas to retail such liquors."

Appellant moved to quash the information, alleging that it charged no offense, because of the use of the word "indirectly," saying there was no authority in law for such. If we treat this as surplusage and strike out the words "and directly and indirectly" we think the language used in the information would charge an offense. The Penal Code defines a disorderly house as a "house where spirituous, vinous or malt liquors are sold or kept for sale, without first having obtained a license under the laws of this State to retail liquors." The language in the complaint charges appellant with keeping and being concerned in keeping this character of house, and this made an offense under our laws. Articles 496 and 500 of the Revised Penal Code.

We think the evidence clearly establishes that appellant was the "keeper" of the house in which the liquor was sold, and further establishes the fact that he had no license to sell such liquors, as there is an admission in the record that no person could obtain a license in the territory where the house was situated in which the liquor was sold. The admission reads: "It was agreed by and between the State and the defendant herein, as a fact to be considered as proven in evidence herein, that the place formerly known as 'Little Germany' and situated at the Southeast corner of Ervay Street and the Santa Fe Railroad, in the City of Dallas, Texas, was outside of the saloon limits of said City of Dallas, Texas, and was in a district in the City of Dallas, Texas, in which the sale of intoxicating liquors is prohibited by the City Charter of the City of Dallas, enacted by the Legislature in 1907, as aforesaid."

The evidence shows defendant was present at each and all the times a sale of intoxicating liquors is shown to have been made; that he waited on the customers; that beer was delivered to him at this house, and on one occasion he paid the driver for it. There is no suggestion that any other person had any control over this house other than defendant, and he and he alone is shown by the record to be in possession of it, keeping it. It is true, the driver of the beer wagon says so far as he knew defendant may have been working at this place for some one else, but no one testifies that he was working for any one else, and all the facts and circumstances would lead one to the inevitable conclusion, and it is the only legitimate one to be drawn from it, that defendant was the keeper of this house, at the time he made the sales of liquor to the witnesses testifying.

It was not necessary for the court to charge on the law of accomplice testimony. Walker v. State, 44 Texas Crim. Rep., 546, 72 S.

W. Rep., 401; Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W. Rep., 156, and cases there cited.

The fact that sales were made in territory where appellant could not obtain license would be no defense, and the court did not err in refusing the special charge presenting this issue. (Joliff v. State, 53 Texas Crim. Rep., 61.) Neither was there any error in refusing the peremptory instructions, nor the other special charges requested. Under the evidence in this case the complaints of the charge of the court present no reversible error.

The judgment is affirmed.

*Affirmed.*