### WILL BROADNAX V. STATE.

No. 2356. Decided March 19, 1913.

**1.—Selling Intoxicating Liquors Without License—Information.**

Where, upon trial of selling intoxicating liquors in non-local option territory without license, the information followed approved precedent, there was no error in overruling a motion to quash. Following Gill v. State, 67 Texas Crim. Rep., 585.

**2.—Same—Charge of Court—Requested Charges.**

Where the court's main charge, and the requested charges submitted, presented every phase of the law applicable to the evidence, there was no error in refusing further requested charges.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of selling intoxicating liquors without license; penalty, a fine of $200 and twenty days' confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, · for the State.

HARPER, JUDGE.—Appellant was prosecuted under complaint and · information charging him with selling intoxicating liquors in territory where prohibition is not in force, without having obtained a license to sell such liquors.

Appellant moved to quash the complaint and information on the same grounds which were discussed in the case of Gill v. The State, 67 Texas Crim. Rep., 585, 150 S. W. Rep., 616, and the court did not err in overruling the motion.

There were no exceptions reserved to the introduction or exclusion of testimony, but complaint is made of the failure of the court to give some special instructions. requested. The court in his main charge and in the two special charges given at the request of appellant presented every phase of the law applicable to the evidence, and it was wholly unnecessary to give any of the other requested charges.

The judgment is affirmed.

*Affirmed.*