JOHN PONDER V. STATE.

No. 2326.  Decided March 26, 1913.

**1.—Aggravated Assault—Evidence—Undisclosed Motive.**

Where, upon trial of aggravated assault, the court permitted the alleged assaulted party to testify that a few moments before the difficulty, he put his pistol in his pocket on account of the information he had received from the clerk of the hotel with reference to defendant—of all of which defendant had no knowledge, the same was reversible error.

**2.—Same—Evidence—Codefendant.**

Until a party is indicted, he is not rendered incompetent to testify in behalf of a codefendant, and where the court excluded such testimony, the same was reversible error. Following Scroggin v. State, 30 Texas Crim. App., 92, and other cases.

**3.—Same—Charge of Court—Provoking Difficulty—Converse of Proposition.**

Where the evidence raised the question as to whether defendant provoked the difficulty, and there was testimony pro and con, the court should have submitted, where he charged on provoking the difficulty, the converse of the proposition. Following Gaines v. State, 58 Texas Crim. Rep., 631.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $800 and eight month's confinement in the county jail.

The opinion states the case.

*Crosby, Hamilton & Harald* and *Dinsmore, McMahan & Dinsmore,* and *C. E. Sheppard,* for appellant.—On question of testimony of codefendant: Article 791, Code Criminal Procedure, and cases cited in opinion; Thomas v. State, 66 Texas Crim. Rep., 326, 146 S. W. Rep., 878.

On question of the court's charge on provoking the difficulty: Gaines v. State, 58 Texas Crim. Rep., 631, 127 S. W. Rep., 181; Walker v. State, 63 Texas Crim. Rep., 499, 140 S. W. Rep., 455; McCandless v. State, 57 S. W. Rep., 572; Carden v. State, 62 Texas Crim. Rep., 607, 138 S. W. Rep., 396; Craiger v. State, 48 Texas Crim. Rep., 500.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault. The court permitted the witness and assaulted party, Taylor, to testify that a few moments before the difficulty he got his pistol out of his grip at the hotel and put it in his pocket. This was just before he went out of the door of the hotel. After going out of the hotel appellant called him. They went to one side and had a conversation; that he put his pistol in his pocket on account of information he had received from the clerk of the hotel. The clerk's name was Williams. This was claimed to be information conveyed to him by

Williams that appellant was there to see Taylor. In connection with this the State's contention was that the defendant and Bob Jennings went to the hotel where the alleged assaulted party Taylor was stopping for the purpose of having a difficulty with him, and that after calling him to one side, appellant made an assault upon Taylor, the indictment charging that assault to be with intent to murder. Appellant's theory of the case was that he went to the hotel to see Taylor and Jennings went with him. That he was there to ask an explanation of Taylor in regard to certain statements which he had been informed Taylor had been making about him, the defendant, in regard to either him, appellant, or his oil mill, with which he was connected, had been wronging and defrauding and cheating his customers out of their cotton seed by means of false weights. The State's theory was that appellant called Taylor to one side and provoked a difficulty with him. Appellant's theory was that he went to Taylor to ask why he was talking as he had been informed he was talking, and to seek an explanation, and not to have a difficulty, and that Taylor shot at him with a pistol, and then shot Jennings. The testimony was inadmissible. Appellant knew nothing of the fact that Taylor was armed, or that Williams had informed him of the fact that appellant was there. This testimony conveyed the idea and was intended to convey the idea to the minds of the jury that by means of this conversation between Williams and Taylor that appellant was there for the purpose of provoking a difficulty, and, therefore, Taylor armed himself to defend himself against an anticipated attack by defendant. As before stated, this evidence was inadmissible against appellant. He had no knowledge of it, and was not chargeable with what occurred between third parties. He is to be judged by his own intents and not what others believed or thought.

Another bill of exceptions recites that the court erred in refusing to permit the witness Jennings to testify. Jennings' testimony was very material to defendant, and would have controverted in almost every particular the testimony of Taylor. The State's objection to the witness testifying was based on the ground that he was jointly charged with appellant with the assault upon Taylor, and, therefore, could not testify. The bill of exceptions shows that Jennings had been arrested and bound over by the magistrate to await the action of the grand jury, but had never been indicted, the grand jury having adjourned. There is a statement to the effect that it was anticipated the grand jury would be recalled during the term, but it is not shown even that this would be with reference to Jennings' case. The action of the court sustaining the State's objection to the witness Jennings testifying was based on an article of the Code of Criminal Procedure which provides that persons charged as principals, accessories or accomplices, whether in the same or in different indictments, cannot be introduced as witnesses for one another. This article has been construed by this court in Scroggin v. State, 30 Texas Crim. App. 92,

and in Campbell v. State, 30 Texas Crim. App. 645, to apply only to parties who have been indicted. Those decisions lay down the doctrine and hold that until the party is indicted that he is not rendered incompetent to testify in behalf of a co-defendant on his trial. Under these decisions the court was in error. Jennings was a competent witness, and his testimony should have gone before the jury.

The court gave a charge on provoking a difficulty. It is questionable whether provoking a difficulty was in the case; if so, it was raised upon the testimony of Taylor to the effect that when appellant called him with reference to these reports and statements in regard to appellant's cheating and defrauding people who sold to his mill, and during this conversation struck Taylor with his fist. If this testimony raises the issue of provoking a difficulty, which the writer does not believe, then it was necessary under the testimony of the defendant to charge the converse of the proposition. He emphatically denies Taylor's testimony, and in his evidence shows he did not provoke any difficulty, but that upon asking Taylor about the matter, Taylor, in substance, reiterated his statements or used language which indicated that he was repeating or standing by what he had said, and shot at appellant, and then turned his pistol back and shot Jennings. If upon another trial the court should see proper to charge on provoking a difficulty, the converse of the proposition should be given. A charge on provoking a difficulty is only given or authorized as a limitation upon the right of self-defense. The court having given a charge on provoking a difficulty and thus limiting the right of self-defense, he should have charged the converse of the proposition on appellant's theory of the case, that if he did not provoke the difficulty and Taylor was the attacking party, his right of self-defense would not be affected. See Gaines v. State, 58 Texas Crim. Rep., 631.

It is deemed unnecessary to go into a detailed statement of the evidence adduced on the trial. It would serve no practical purpose.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*