FLOYD BURTON v. THE STATE.

No. 6855.    Decided January 31, 1923.

**1.—Selling Intoxicating Liquor—Other Offenses.**

Where, upon trial of selling intoxicating liquors, the evidence was definite touching the sale of the alleged liquor, and no other evidence was introduced which rendered admissible other like transactions, testimony as to other occasions of sale of intoxicating liquors was inadmissible and reversible error. Following, Ross v. State, 245 S. W Rep., 680, and other cases.

**2.—Same—Charge of Court—Accomplice.**

Where the court correctly instructed the jury that a certain State's witness was an accomplice, there was no reversible error in refusing to call upon the jury to determine whether certain other witnesses were accomplices under the facts of the instant case.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

*Hampton & Harris,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The date of the offense was laid on or about August 10, 1921. The alleged purchaser, Johnnie Stone, testified that he, in company with several other young men, rode at night in an automobile to a point near the house of the appellant. He got out of the car and went to the house and purchased from the appellant a half-gallon of whisky; that he took this whisky back the car, and with his companions, went to their homes in DeLeon, Texas. According to his testimony, Stone walked from the car to the gate and called to the appellant to come out, which he did, and sold Stone a half-gallon of whisky for which $7.50 was then paid by Stone. He had not previously known the appellant.

The witness Hood testified that he got out of the car with Stone and went with him a part of the distance between the car and the house; that he heard Stone call "Floyd" and saw a man come to the door and answer the call; that he heard but did not understand the conversation that took place between them; that Stone returned with a half-gallon bottle of whisky, of which all of the boys, except one, drank.

The other companions of Stone testified that they remained in the automobile and that the whisky was brought to the car by Stone. One of them, did not drink any of the liquor and did not know the contents of the bottle. The others, however, did drink some of the whisky.

The State, basing its case upon this testimony, rested.

The appellant introduced no testimony except that going to show that his general reputation as a law-abiding citizen was good.

The State's attorney then recalled Stone, who testified that on two other occasions, he had bought whisky from the appellant; that on one of these he went to the appellant's home in company with three other boys and purchased from him a gallon of whisky for which he paid him fourteen dollars; that on another occasion, in company with some other boys, he had purchased from the appellant a half-gallon of whisky. These transactions were on different occasions from that developed by the State in its main case. Objection was urged against them on the ground that they were proof of separate and distinct offenses and that the evidence was inadmissible under the general rule which excludes other crimes and was admissible under none of the ex-

ceptions to that rule. We are of the opinion that this objection should have been sustained. This opinion is fortified by the decisions of this court in a number of cases. Among them is the case of Harris v. State, 100 S. W. Rep., 920, a misdemeanor case, in which the lowest penalty was assessed and upon which the sole ground for reversal was that of the introduction of other sales of beer besides the one upon which the prosecution was founded. The same ruling was made upon the same state of facts in Grimes v. State, 44 Texas Crim. Rep., 542; also in Walker v. State, 44 Texas Crim. Rep., 546; Walker v. State, 72 S. W. Rep., 402. See also Corpus Juris, Vol. 16, p. 506; also page 605, note 24. Ross v. State, 93 Texas Crim. Rep., 61, 245, S. W. Rep., 680.

The evidence is definite touching the sale of the half-gallon of liquor testified to by Stone and other witnesses upon the development of the State's case. No evidence was introduced which rendered admissible other transactions such as occurred in Hollar v. State, 71 S. W. Rep., 962; Holland v. State, 51 Texas Crim. Rep., 142.

The court instructed the jury that the witness Stone was an accomplice. There was no error, we think, in refusing to call upon the jury to determine whether or not the other witnesses were accomplices. The evidence does not show that they took part in the purchase of the liquor; they were simply beneficiaries of the Stone's gratuity in giving them a drink of the liquor which he bought. They were his companions; they knew that he was going to buy the liquor, but furnished none of the money. They took no part in the transaction. We think they were not accomplices.

In admitting the evidence of other offenses, we believe the trial court was in error. They should have been excluded. Because of the court's refusal to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded.*