## MRS. EDITH BERRY v. THE STATE.

No. 7914.   Decided November 14, 1923.

1.—Selling Intoxicating Liquor—Other Transactions—Evidence.

Upon trial of selling intoxicating liquor, if in establishing a sale it became necessary to show a system pursued by defendant, the seller, with the purchaser, no error was committed, although the course of dealing between them revealed other like transactions.

2.—Same—Bills of Exception—Statement of Facts—Practice on Appeal.

In determining the question of law presented by the bills of exception, this court is not authorized to look to anything save the bills themselves and the narrative statement of facts in the record.

**3.—Same—Evidence—Bill of Exception—Other Transactions.**

Where, upon trial of selling intoxicating liquor, the State introduced separate and distinct transactions and the defendant objected that they were too remote, etc. *Held*, if it appeared that they were introduced for the purpose of showing system and that they were properly limited by the court's charge, there is no reversible error; but where this testimony did not show intent, identity or system and was not a part of the *res gestae* the same was reversible error. Following Ross v. State, 93 Texas Crim. Rep., 61, and other cases.

**4.—Same—Other Offenses—Rule Stated.**

The defendant should be tried on the merits of each case, and proof of extraneous crimes which do not go to show intent, identity or system, or which is not a part of the *res gestae* is not admissible if it could only show that defendant was a criminal generally.

**5.—Same—Memorandum Book—Evidence.**

Where a memorandum book was introduced in evidence without objection, it was perhaps unnecessary to limit the effect of the testimony in the absence of defendant's request, and where the court gave a proper instruction, there was no reversible error.

**6.—Same—Evidence—Memorandum Book—Refreshing Memory.**

Where the witness did not make the entries in the memorandum book and had no means of knowing whether they were correctly entered he should not have been allowed to testify that he based his testimony upon the entries in the book.

Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of selling intoxicating liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell* for appellant. Cited, cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was charged with having sold intoxicating liquor to one E. L. Sibley. Upon conviction her punishment was assessed at confinement in the penitentiary for a term of four years.

Sibley testified that on March 26th on two separate occasions he procured from appellant at her house a bottle of whisky. He denied having paid for the whisky either time it was received. The state having alleged the sale of the whisky it was incumbent upon it to support this by proof, and if in establishing a sale it became necessary to show a system pursued by appellant in her dealings with Sibley no error was committed although the course of dealing between them revealed other like transactions.

In determining the questions of law presented by the bills of exception we are not authorized to look to anything save the bills themselves and the narrative statement of facts which we find on file with the record.

In bill of exception number one complaint is made at the admission of certain testimony from the witness Sibley. The bill sets out the testimony objected to as follows:

"I made individual purchases of whisky from the defendant in January, 1923, prior to March 26th; when I refer to an individual purchase I mean that I would go in and buy a bottle of whisky and pay for it, and get a bottle of whisky; I possibly went there for the first time in January to get intoxicating liquor from the defendant. I was possibly recommended there. I do not know how to explain what I said to her and what she said to me. I possibly said to her I want a drink. I said I wanted a drink, she said here it is; she got it in the kitchen. The first bottle of whisky I got from her resembled this bottle here." A number of objections were urged to this testimony, the principal one being that it involved a separate and distinct transaction, was too remote and not admissible against appellant upon the trial of the present case. The bill is approved with the qualification that the court stated at the time said evidence was admitted that the effect thereof would be limited, and refers to the paragraph of his charge in which he undertook to limit it to the purpose of showing a system pursued by appellant in the sale of intoxicating liquor.

When we go to the narrative statement of facts we find that certain parts of it apparently support the bill and other paragraphs are contradictory thereto. We are led to believe that some mistake must have occurred either in the preparation of the statement of facts or the bill of exception. Both of them, however, are approved by the trial judge and under the circumstances we are bound by the bill of exception. (See authorities collated under Section 217, page 139, Branch's Ann. Penal Code.) The bill shows that the purchases of the whisky in January were cash transactions, and although the court undertook to limit the effect of this testimony to the development of a system pursued by appellant in her course of dealings with Sibley we are unable to perceive how an independent cash transaction would be pertinent to the development of a credit system claimed by the State to have existed between them. The admission of this testimony was erroneous as it is presented in the record and calls for a reversal under the direct authority of Ross v. State, 93 Texas Crim. Rep., 61, 245 S. W. Rep., 680; Burton v. State, 93 Texas Crim. Rep., 335, 247 S. W. Rep., 869; Grimes v. State, 44 Texas Crim. Rep., 542, 72 S. W. Rep. 862; Walker v. State, 44 Texas Crim. Rep., 546, 72 S. W. Rep., 861. The general rule is tersely stated by Mr. Branch in the 4th paragraph of Section 166, page 99 of his Annotated Penal Code as

follows: ''The defendant should be tried on the merits of each case, and proof of extraneous crimes which does not go to show intent, identity or system, or which is not a part of the *res gestae,* is not admissible if it could only show that defendant was a criminal generally.'' (See authorities collated supporting this rule.)

Sibley testified that on the occasions when he procured intoxicating liquor from appellant he noticed she would make a memorandum in a small book. At the time she was arrested on March 26th the officers found at her house a memorandum book. Sibley did not positively identify it as the one in which he had seen her make the memoranda, but the book was offered in evidence and no objection was urged thereto. Complaint is made at a charge of the court limiting the effect of the entries in such book. The book having been introduced without objection it was perhaps unnecessary for the court to limit the effect of the testimony unless requested so to do by appellant, but in an effort to protect accused the jury were told that unless they found that the entries were made by her and were memoranda of liquor sales they could not consider it for any purpose, but if they believed the memoranda referred to liquor sales they might consider it as showing, if it did, the system of appellant in making sales of liquor. We do not believe the charge of the court erroneous.

Sibley was permitted to examine the book in question and therefrom refresh his recollection and after having done so stated over objection that up to March 26th he concluded he owed appellant twenty or twenty-five dollars for whisky procured from her. The objection interposed was that the book and its contents were the best evidence. The book having later gone in evidence the particular objection urged was thereby probably obviated. In view of another trial we suggest that it was of doubtful propriety to permit Sibley to answer as he did if he based it upon the entries in the book. He did not make them. and had no means of knowing whether they were correctly entered. It occurs to us the effect of the evidence was that witness believed defendant had made the memoranda and that it related to whisky transactions between her and witness, and that this memoranda revealed that he then owed her the amount stated. The form and wording of the entries as revealed by the statement of facts were peculiar and incomplete. The jury had them for inspection and could draw their own deductions as to the meaning and effect.

For the errors heretofore pointed out, the judgment must be reversed and the cause remanded.

*Reversed and Remanded.*