## W. A. McLendon v. The State.

### No. 9316. Delivered June 17, 1925.

### Rehearing denied October 21, 1925.

**1.—Sale of Intoxicating Liquor—Practice on Appeal.**

Where on appeal, the admission of evidence is challenged for the first time in appellants brief, it will not be considered. To authorize a revision on appeal, of the ruling of the trial court in the admission of evidence, it is necessary that it appear by a bill of exception that the evidence was improperly received, over the objection of the accused. Many authorities will be found collated in Vernon's Tex. Crim. Stats., Vol. 2, p. 534, note 15. The complaint in a motion for a new trial will not operate as a substitute for a bill of exception. Following Clifton v. State, 70 Tex. Crim. Rep., 346.

ON REHEARING.

**2.—Same—Certiorari—To Correct Record—Granted.**

Where the clerk of the court below omits from a transcript bills of exception, which were properly authenticated and filed, and appellant asks for a writ of certiorari, attaching copies of the omitted bills to his motion, same will be granted, and such bills ordered brought forward, and considered.

**3.—Same—Evidence—Of Flight—Properly Admitted.**

Where evidence of the sheriff to the effect that after appellant was arrested and made bond, an alias-capias was placed in his hands for appellant, and that he found and arrested him in California, no error is shown. Evidence of flight is always permissible, as a circumstance of guilt.

4.—Same—Evidence—Erroneously Admitted—Harmless Error.

Where on a trial for the sale of intoxicating liquor the main state witness was permitted to testify that he had seen appellant sell whisky to others, prior to his purchase, such testimony of another transaction should not have been admitted, but in view of the fact that appellant presented no defense, did not testify himself, and was given the lowest penalty, the testimony erroneously admitted, does not call for a reversal.

Appeal from the District Court of Orange County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Houth, Adams & Hart* and *John T. Kitchings*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover. C. Morris*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The purchaser named in the indictment testified as a witness and gave specific testimony to the effect that he purchased whisky from the appellant about the time mentioned in the indictment.

The sufficiency of the evidence is not challenged but appellant, in his brief, complains of the admission of certain evidence. To invoke and authorize a revision on appeal of the rulings of the trial court upon the receipt of evidence, it is necessary that it appear by bill of exceptions that the evidence was improperly received over the objection of the accused. The precedents upon the subject are numerous. Many of them will be found collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 534, note 15. The complaint in the motion for new trial will not operate as a substitute for a bill of exceptions. See Clifton v. State, 70 Tex. Crim. Rep. 346, and other cases collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 535.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—When the original opinion was written the record contained no bills of exception. Appellant has filed application for writ of certiorari alleging that two bills of exception were properly reserved, authenticated and filed as a part of the record in this cause in the court below, but that the clerk by inadvertance incorporated them in the transcript in another case and omitted them from

the transcript in this case. Copies of the bills properly certified by the clerk are attached to the motion.

One of them complains of the admission in evidence of testimony by the sheriff that after appellant was arrested he made bond; that later an alias capias was given witness who had appellant re-arrested in California and he was brought back to Orange for trial. We find no error in the admission of this testimony. Evidence of flight is admissible as a circumstance of guilt.

The specific sale of liquor charged against appellant was claimed to have been made to Earnest Mansfield. Appellant did not testify. The bill recites that before any testimony was introduced by appellant the State proved by Mansfield that he knew he could get whiskey from appellant because he had seen another man buy some from appellant about three weeks before. This testimony was objected to as showing a separate and distinct transaction and not admissible under any of the exceptions permitting such proof. The evidence should have been excluded. (Burton v. State, 93 Tex. Crim. Rep. 335, 247 S. W. 869), but under the facts before us we do not believe a reversal of the judgment is demanded because of the erroneous admission of such testimony. Mansfield testified that about eight o'clock on a certain night he purchased intoxicating liquor from appellant. This was not denied by appellant or any other witness. Only one defense witness was offered, a son of appellant, who testified that he came to appellant's house at nine-thirty on the night of the alleged sale and that after he came he saw nothing of prosecuting witness about the place. This testimony in no way challenged the statement of Mansfield that he had bought the liquor an hour and a half before appellant's son claimed to have been on the premises. If more than the minimum punishment had been inflicted, or if the evidence improperly admitted impinged upon any defense offered by appellant we would have no alternative but to reverse, but such condition does not arise under the facts before us. Only the minimum punishment was inflicted. The testimony erroneously admitted does not call for a reversal.

Having already considered appellant's bills, his application for writ of certionori is denied, and his motion for rehearing overruled.

*Overruled.*

ON APPLICATION FOR LEAVE TO ︱FILE SECOND MOTION FOR REHEARING.

LATTIMORE, Jᴜᴅɢᴇ.—Leave to file second motion for rehearing will be denied without discussion, save that we observe from the record in the light of appellant's application, that if the witness Walker was in fact offered by the appellant, which would be only an inference and is not in accord with the stenographer's statement of the matter, still his testimony falls in the same category as that of appellant's son, discussed in our refusal of the original motion for rehearing.

and does not contradict or render improbable the testimony of the State witness Mansfield wherein he testifies to the purchase of the liquor in question.

Application denied.

*Application Denied.*