### I. C. CLEMENTS v. THE STATE.

No. 14032. Delivered February 25, 1931.
Rehearing Denied October 7, 1931.

38

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

*Note:* Attention is called to the fact that in the opinion written by Presiding Judge Morrow, on motion for rehearing, the question is discussed as to the right of the appellate court, in appraising a bill of exception, to examine the statement of facts to determine whether excluded testimony, to the exclusion of which complaint is made, went into the record, from other sources or from the same witness.

In support of the ruling the case of Martin v. State, 107 Texas Crim. Rep., 152, 295 S. W., 1198, is cited. Since the disposition of this case the identical question has been passed upon in the case of McQueen v. State, 119 Texas Crim. Rep., ——, 47 S. W. (2d) 317, in which the Martin case, supra, is also cited.

<em>Reporter.</em>

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The state's testimony was to the effect that appellant shot Alexandro Jaramillo with a pistol and seriously wounded him. It appears that appellant and the injured party had theretofore had some trouble, there being testimony from appellant and his witnesses touching threats made by the injured party to kill appellant. State's witnesses testified that Jaramillo was doing nothing at the time he was shot except holding his hands up in the air and that after the first shot was fired appellant shot Jaramillo a second time while he was running away. Appellant testified, in substance, that Jaramillo knocked his jumper back as if he were going to pull a gun and that he shot him in the arm to keep him from getting his gun. He said he believed that his life was in danger at the time he fired upon the injured party. He further testified that he had been advised by several parties that the injured party had said he was going to kill him. We deem it unnecessary to set out in further detail the testimony.

The court charged on assault with intent to murder, aggravated assault, and self-defense.

Bill of exception No. 1 relates to the action of the court with reference to the voir dire examination of the members of the jury panel. In the case of Leon Rushing v. State, 117 Texas Crim. Rep., 288, 36 S. W. (2d) 159, a similar situation was presented, and this court concluded that the procedure followed was not such as to warrant a reversal of the judgment.

In bill of exception No. 2 complaint is made of the refusal of the court to permit appellant to elicit from the injured party, upon cross-examination, that about two weeks before his difficulty with appellant

he had been arrested by the sheriff of Coleman county for driving a car while drunk and running over some people. The court qualifies the bill of exception with the statement that he permitted counsel for appellant to interrogate the witness in regard to making threats against appellant and in regard to being intoxicated upon the occasion of his arrest by the sheriff of Coleman county. It is recited in the bill of exception that appellant expected the injured party to testify that appellant assisted the sheriff in making the arrest, and that he made threats against appellant at the time. Moreover, it is stated in the bill that if the injured party had denied such matters appellant would have impeached him by the testimony of the sheriff. As qualified, we do not understand that the bill of exception reflects error. Whether or not the injured party ran over some people in Coleman would appear to be immaterial unless a proper charge had been filed against him for an offense of the grade of felony, or of misdemeanor involving moral turpitude. The matter of having been properly charged with an offense of the character mentioned might have been inquired into for the purpose of impeaching the witness. The bill fails to show that the charge had been filed.

Bill of exception No. 3 recites that appellant was not permitted to explain "the action of the prosecuting witness" immediately before appellant shot him. We quote from the testimony of appellant found on page 31 of the statement of facts as follows:

"I says to him 'Alexandro why do you keep following me up hunting trouble? You ought not to be mad at me. You ought to be mad at Mr. Hamilton, the man that arrested you.' I said 'What do you mean by keeping following me. I am not the one for you to be sore at. It is Mr. Hamilton' and he said, 'Well I am going to get you', and did that way, (indicating). He had on a blue jumper. It fitted loosely around him. He knocked his jumper back and was in position like he was going to get his gun, and when he did that I shot him in the arm to keep him from getting his gun. He pulled his jumper back with his right hand. I knew that he was trying to get a gun or something to hurt me with. I believed that I was in danger at that time; I knew that I was in danger."

It is observed that the testimony expected from the witness, as recited in the bill of exception, is the same as that above quoted. The trial court evidently concluded that the testimony sought to be elicited had already been given by appellant, or else he relented and thereafter permitted appellant to testify to the facts reflected by the bill of exception. Evidently the charge upon self-defense was predicated upon the statement we have quoted.

It appears from bill of exception No. 4 that over appellant's objection the injured party was permitted to exhibit to the jury the scar made by the shot. Appellant objected on the ground that there was no denial that

he had shot the injured party, and that the exhibition of the scar served no purpose in the case and was highly prejudicial. We are unable to determine from the bill of exception whether the wound tended to solve some issue in the case. We find only appellant's ground of objections in the bill. A mere statement of a ground of objection in a bill of exception is not a certificate of the trial court that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569.

In his argument to the jury the district attorney stated, in substance, that the testimony presented a "gilt edge" case of assault to murder, and that he (the district attorney) knew the law when he saw it. Again, he stated "When you send this negro to the penitentiary you have done the best day's work of your life." The argument was objected to. The court overruled the objection and declined to submit to the jury appellant's written requested instruction wherein the remarks would have been withdrawn from their consideration. We do not deem the argument improper.

We have not undertaken to discuss each of the bills of exception found in the record. A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion the conclusion that error is not revealed by bill of exception No. 3 is challenged. It is claimed that it is revealed by the bill that the appellant was denied the privilege of stating to the jury the facts upon which he has based his right of self-defense. That part of the bill which presents the question is quoted as follows:

"That while the defendant was a witness upon the witness stand in his own behalf, through his counsel, he was asked to explain the action of the prosecuting witness, and immediately before he, the defendant, shot, to which the State's counsel objected on the ground that it was leading, and if permitted by the Court, the defendant would have testified that just before he shot the prosecuting witness, the prosecuting witness knocked his jumper back and was in a position as though he was going to get his gun. When he did that, he, the defendant, shot him in the arm to keep him from getting his gun."

From the statement of facts it appears that the appellant gave testimony which went before the jury in exact accord with that which he

claims in the bill of exceptions was excluded. An excerpt from his testimony is quoted in the original opinion in which the following appears:

"He knocked his jumper back and was in position like he was going to get his gun, and when he did that I shot him in the arm to keep him from getting his gun."

In his motion the appellant relies upon the principle that where there is a conflict between the statement of facts and a bill of exception, the bill prevails, citing Elkins v. State, 101 Texas Crim. Rep., 377, 276 S. W., 291; Bank v. State, 95 Texas Crim. Rep., 384, 254 S. W., 962; Berry v. State, 95 Texas Crim. Rep., 660, 255 S. W., 739; Ables v. State, 106 Texas Crim. Rep., 169, 291 S. W., 554.

In Martin's case, 107 Texas Crim. Rep., 152 (see page 163), 295 S. W., 1098, 1104, the question was discussed as follows: To appraise a bill of exception, whether it relates to excluded testimony, or to determine whether from other sources or from the same witness, testimony which in substance is the same as that, the exclusion of which is complained of went into the record, are matters which this court has always held it had a right to go to the statement of facts to determine, and which right, of necessity, it must have. See also Plummer v. State, 86 Texas Crim. Rep., 493, 218 S. W., 499.

In the present case, it is shown by the bill that the reception of the testimony was opposed upon the ground that the *question was leading*. The court approved the bill as written. The verbiage of the question is not embraced in the bill but *its substance alone*. It must be assumed as the matter is presented that the question *was leading,* and that for that reason the ruling of the court excluding the testimony was correct at the time the ruling was made. The record, that is, the agreed statement of facts approved by the trial judge, showing that such testimony was given to the jury, it is not competent for this court to assume that it was improperly received. It would be more consistent with the record to assume that after the ruling reflected by the bill the question was changed and in response thereto the testimony was admitted.

As to the other matters presented in the motion for rehearing it is thought that no discussion further than that contained in the original opinion is required.

The motion is overruled.

*Overruled.*