B. U. McQUEEN v. THE STATE.

No. 14496. Delivered November 25, 1931.
Rehearing Denied March 9, 1932.

The opinion states the case.

*Baker & Parish,* of Ballinger, and *Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The offense is transporting intoxicatitng liquor; the punishment, confinement in the penitentiary for two years.

The arresting officer testified, in substance, as follows: He had gone

out for a drive with his wife. Driving out on the San Angelo highway he met an automobile which was being driven from one side of the road to the other. When he got almost even with the car it started toward him and ran off the highway. The officer stopped his car and requested the parties to stop theirs. They did not at first comply with his request. After he had pursued the parties for some time he finally succeeded in getting them to stop the car. As the car stopped Bennie Halfman got out and ran up the highway. The officer called to him and he stopped and came back. Appellant got out of the car, and the officer arrested him and Halfman. There were two ten-gallon kegs full of whisky in the automobile. Appellant and Halfman were drunk. The officer did not know whether appellant or his companion was driving the car. There was also a half pint of whisky in a bottle in the automobile, which appellant picked up after the officer took possession of the car.

Appellant's companion, Bennie Halfman, testified, in substance, that he had driven in his car to a point on the highway and found appellant's car broken down; that appellant asked him if he could ride to town with him; that there were two men with appellant at the time; that the parties transferred two kegs from appellant's car to the witness' car; that after the kegs had been transferred to the car appellant gave him a pint bottle of whisky, from which he drank; that the witness was driving the automobile when the officer stopped and arrested the parties; that he was not drunk, but had been drinking.

Appellant introduced witnesses who testified that he did not have any kegs in his car prior to the time the officer made the arrest. Testifying in his own behalf, appellant denied that the kegs of whisky found in Halfman's automobile belonged to him. He said that he did not know that the whisky was in the car when he entered the car with Halfman, or during the time he was riding with him. Appellant admitted that he had a little whisky in a bottle, testifying that he had it for his health.

Bill of exception No. 1 presents the following occurrence: The arresting officer testified that he arrested Bennie Halfman and appellant, and put them in jail. Appellant objected on the ground that the statement that the parties were placed in jail by the officer involved an opinion on the part of the officer that appellant was guilty. The court withdrew from the jury that part of the statement that the officer placed appellant in jail. Appellant contends that the testimony was so obviously harmful as that its effect could not be withdrawn from the jury. Not conceding that the testimony was inadmissible, the opinion is expressed that the withdawal of the testimony protected appellant from harm. Branch's Annotated Penal Code, sec. 382.

Bill of exception No. 2 discloses that the arresting officer testified that he arrested appellant and his companion because their car was being driven recklessly, and further because the parties were driving from one

side of the road to the other and would have driven into him if he had not gotten out of the way. Appellant objected to the testimony on the ground that he was not bound by the secret motives of the officer in making the arrest. Prior to stating his reason for arresting the parties, the officer had testified, without objection, as shown on page two of the statement of facts, that the car in which appellant and Halfman were riding was being driven recklessly from one side of the road to the other, and that as he was passing the car it ran toward him and off of the highway. Moreover, the officer testified, as shown by the statement of facts, that he arrested the parties at the time. If it was improper for the officer to state his reason for making the arrest, we are unable to perceive how the statement of the officer, embracing as it did the facts theretofore testified to by the officer without objection, could have harmed appellant.

Bill of exception No. 3 recites that the officer testified, over appellant's objection, that whoever was driving the automobile in which appellant was riding was drunk. The objection was that the testimony constituted an opinion and conclusion of the officer. A witness may give his opinion as to whether a person was "drunk" or "sober". Branch's Annotated Penal Code, sec. 132; Pace v. State (Texas Crim. App.), 79 S. W., 531, 532; Duke v. State, 61 Texas Crim. Rep., 441, 134 S. W., 705, 706. In any event, appellant testified, as shown·on page 20 of the statement of facts, as follows: "I was kind of drunk on that occasion that afternoon; I think so." The opinion is expressed that the bill of exception fails to reflect error.

Bill of exception No. 4 is to the effect that the court declined to permit appellant to ask the witness Halfman if he did not expect leniency and favors from the officers or from some one for coming into court and testifying against appellant. The court qualified the bill of exception as follows: "The witness had stated in answer to defense counsel that he had signed a written statement but did not say whether such statement implicated defendant or not. There was no evidence that there was any indictment or charge pending against the witness. The witness had testified in answer to defense counsel that the sheriff, McWilliams, had not promised him that he would not be prosecuted if he would make a statement implicating the defendant McQueen." On page 9 of the statement of facts we find that the witness, on cross-examination by appellant, gave the following testimony: "I came on here to town and made a statement about this whole matter. I was not promised that if I would make a statement about it and turned Mr. McQueen in that I would not be prosecuted for hauling these kegs. As to whether I was indicted and charged with the transporting of whisky in that car at that time: Well, when they caught us they broughtt us here to Ballinger. They filed complaint against me, and after that time I signed a statement. The sheriff, Earl McWilliams, did not tell me, either in words or substance

that if I would sign the statement implicating McQueen that I would not be prosecuted for that. I made the statement. I was in jail before I made that statement. I did not make the statement with a view of getting out of jail. That was not my view in making the statement, to get loose, to get out. That was not it at all. I was not turned out after I made statement. I was in jail that night; that is how long I was in jail; I made the statement early the next morning. Nobody talked to me about a statement before I made it. Not a human mentioned it at all. I did not just tell them that I wanted to make a statement. Mr. McWilliams asked me did I want to make a statement, and I said yes. Mr. McWilliams asked me that. And then he brought me on over and took my statement. He did not say anything about me being not prosecuted. No one said that I would not be prosecuted if I would make a statement against Mr. McQueen. No human. That is correct. I tell the jury that. I did not believe that if I made that statement and implicated Mr. McQueen that I would not be prosecuted for violating the liquor laws. I did not find that out. I have not found it out yet. I do not expect any leniency about it at all."

It is apparent from the statement of facts that the trial court concluded that the testimony sought to be elicited had already been given by appellant, or else he relented and thereafter permitted the witness to testify fully as to whether he expected leniency on account of appearing as a witness against appellant. In Clements v. State, 118 Texas Crim. Rep., 37, 42 S. W. (2d) 67, this court quoted with approval the holding in Martin v. State, 107 Texas Crim. Rep., 152, 295 S. W., 1098, which announces the rule that to appraise a bill of exception, whether it relates to excluded testimony, or to determine whether from other sources or from the same witness, testimony which in substance is the same as that, the exclusion of which is complained of went into the record, are matters which this court has always held it has a right to go to the statement of facts to determine, and which right, of necessity, it must have. See also Plummer v. State, 86 Texas Crim. Rep., 487, 218 S. W., 499. We think it is obvious that the matter set forth in the bill of exception fails to reflect reversible error.

Appellant's witness, Troy Warren, as shown by bill of exception No. 5, was questioned by the district attorney on cross-examination as follows:

"Q. What is the last public work you have done?
"A. Highway bridge on the river.
"Q. When was that?
"A. About four months ago.
"Q. And what work did you do before that?
"A. I worked on a dam here."

Appellant objected to the questions propounded by the district attorney on the ground that the testimony sought to be elicited was "immaterial,

irrelevant, incompetent, prejudicial and a wrongful effort to throw a wrong light on the appellant's case." Appellant contends that the state, by requiring the witness to answer the question, improperly attacked the credibility of the witness. We deem the questions proper. Wimberly v. State, 95 Texas Crim. Rep., 102, 252 S. W., 787. In any event, the witness gave no testimony that reflected upon his reputation in any respect.

Bill of exception No. 6 brings forward substantially the same question as that mentioned in bill of Exception No. 5.

Appellant objected to the charge of the court on the ground that the jury were not instructed that Bennie Halfman was an accomplice witness. He predicated his request upon the testimony or Halfman that when arrested by the officer complaint had been filed against him. There is nothing in the record to show that Halfman had been indicted. In the absence of an indictment Halfman was not an accomplice witness. Article 670, Penal Code, provides that the purchaser, transporter, or possessor of intoxicating liquor shall not be held in law or in fact to be an accomplice. Article 711, Code of Criminal Procedure, provides, in substance, that persons charged as principals, accomplices or accessories, whether in the same or different indictments, cannot be introduced as witnesses for one another. In construing the article last mentioned this court has held that until a party is indicted he is not rendered incompetent to testify in behalf of his codefendant. The fact alone that complaint has been filed will not bring such party within the terms of said article. Ponder v. State, 69 Texas Crim. Rep., 654, 155 S. W., 244; Scroggin v. State, 30 Texas Crim. Rep., 92, 16 S. W., 651; Campbell v. State, 30 Texas Crim. Rep., 645, 18 S. W., 409. If the witness had been under indictment at the time of the trial for transporting the liquor, it would have been incumbent upon the court to instruct the jury that he was an accomplice. Durham v. State, 110 Texas Crim. Rep., 25, 7 S. W. (2d) 92.

The other matters presented by appellant have been examined. The opinion is expressed that they do not present reversible error.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined appellant's motion for rehearing. According to the testimony both for appellant and the state, appellant was drunk when arrested, and testimony as to his condition was pertinent. That the officer testified that he put appellant in jail, does not seem to carry any necessary intimation as to the opinion of the officer concerning appellant's guilt. Testimony that the officer

arrested appellant for reckless driving, under the facts of this case, was not erroneous.

Since Halfman swore that he had not been promised, and was not expecting, leniency from officers,—in return for testimony given by him for the state,—we find ourselves unable to appreciate complaint that appellant was not allowed to ask the witness if he was not expecting leniency from "Any one else". Appellant does not show that he could prove by the witness that he was expecting leniency at the hands of any one else.

Believing the case correctly decided, the motion for rehearing will be overruled.

*Overruled.*