### ABBIE LEWIS v. THE STATE.

### No. 4951.   Decided March 20, 1918.

**1.—Murder—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the action of the court in overruling an application for a continuance can not be considered on appeal.

**2.—Same—Evidence—Confession—Bill of Exceptions—Argument of Counsel.**

Where the alleged confessions are not properly reserved in a bill of exceptions together with the objections thereto, the court must presume that the same were properly admitted in evidence, and reference by State's counsel to them in his remarks to the jury is not reversible error under the record.

Appeal from the District Court of Morris.   Tried below before the Hon. J. A. Ward.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder, his punishment being assessed at fifty years confinement in the penitentiary.

He failed to reserve exceptions to the charge of the court in any particular. Error is alleged on the part of the court in refusing to continue the case. It is sufficient answer to this to state that a bill of exceptions was not reserved, therefore that matter is not reviewable.

Error is also alleged because the court permitted the State to offer in evidence a written instrument purporting to be the confession of appellant in writing made to one of the counsel for the State who was assisting the district attorney in prosecuting defendant, and in stating, in this connection, to the jury, "defendant signed this confession; he is sitting here now; if he did not sign it why didn't he get on the witness stand and testify that he did not sign it?" This is a ground of the motion for new trial, and is not verified by a bill of exceptions. In order to bring matters of this sort in review on appeal they may be properly verified, otherwise they can not be reviewed. The grounds of the motion do not allege the fact that appellant did not take the witness stand. The purported confession is not set out as a part of the grounds of the motion for new trial. We would presume, in the absence of exceptions properly verified, that there was no error in admitting the confession, nor in the remarks of counsel in connection with it.

The judgment will be affirmed.

*Affirmed.*

PRENDERGAST, Judge, absent.