Sam Tanner v. The State.

No 8027.   Decided April 16, 1924.

Rehearing denied May 28, 1924.

1.—Selling Intoxicating Liquor—Credibility of Witness—Sufficiency of the Evidence.

The credibility of the witness for the State and the weight to be given to his testimony was for the jury to determine, and the same being sufficient to sustain the conviction, there is no reversible error.

2.—Same—Continuance—Bill of Exceptions.

The rule has long prevailed in this State that a bill of exceptions is essential in order to invoke a review of the action of the trial court in refusing to grant a continuance, and the absence of such bill leaves nothing for this court to review. Following: Lewis v. State 83, Texas Crim. Rep., 159.

3.—Same—Change of Venue—Discretion of Court.

Under the construction of the statute relating to the change of venue and the discretion vested in the trial court with reference thereto, this court does not feel authorized to hold that there was such an abuse of the discretion vested by law in the trial judge as would warrant this court in overruling the verdict, and the evidence being sufficient to support the same, the judgment is affirmed.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Murchison*, for appellant.

*Tom Garrard*, Attorney for the State and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The witness Knight gave definite testimony that he had purchased from the appellant ten gallons of whisky. It was developed on cross-examination that the witness was a law breaker in many respects. According to his testimony, he had been engaged in the "bootlegging business," and there were circumstances suggesting that he had been guilty of other offenses involving moral turpitude. If we properly comprehend the record, he was under indictment, at the time of the appellant's trial, for theft and the unlawful sale of whisky, and was brought from the jail to testify in behalf of the State in the hope and, according to his testimony, without promise of immunity. Appellant testified in his own behalf and categorically denied any transaction with the witness Knight and claimed that he had never seen or known the witness until several months after the date the offense is charged to have been committed, and upon this point introduced some corroborating testimony.

The credibility of the witness Knight and the weight to be given his testimony was for the jury to determine. This is statutory. Art. 886, C. C. P.

Appellant, in his brief, refers to an application for a continuance which was overruled and which we find copied in the record. However, we have been unable to find a bill of exceptions, verified by the trial judge, bringing forward for review, the ruling of the court upon the motion. The rule has long prevailed in this State that a bill of exceptions is essential in order to invoke a review of the action of the trial court in refusing to grant a continuance. See Branch's Ann. Tex. P. C., Sec. 304; Nelson v. State, 1 Texas Crim. App. 44, and cases cited. See also Vernon's Tex. Crim. Stat., Vol. 2, p. 529, note 5, and cases collated. More recent illustrations are found in Lewis v. State, 83 Texas Crim. Rep., 159.

The only bill of exceptions found in the record is that complaining of the refusal of the court to change the venue. The evidence intro-

duced by the appellant, if not controverted, would make it imperative that the motion be granted. Appellant was a resident of Stonewall County. The district attorney of the district in which the trial took place had been assassinated a short time before the trial of the appellant. A special term of court resulted and at that term the appellant was tried. The district attorney had been a citizen and an officer of Jones County and was well known and popular in that county. Public sentiment was aroused by reason of the assassination and it was attributed to some person who had been engaged in violating the laws prohibiting the liquor traffic. Several citizens testified that in their judgment, there existed in the county an intense feeling against persons engaged in the unlawful liquor traffic. It was also shown that on a previous day of the same term, appellant had been convicted of violating the prohibition laws and his penalty had been fixed at confinement in the penitentiary for a period of five years. The press throughout the county had given much publicity to the facts mentioned. A number of witnesses expressed the opinion that by the methods provided by law, it was not probable that a jury which would give the appellant a fair and impartial trial could be selected. These witnesses, however, were cross-examined by court and counsel, and the State introduced a number of controverting witnesses giving the contrary opinion. The county was a populous one and the number of persons available for jury service was great. Under the construction of the statute relating to the change of venue and the discretion vested in the trial court with reference thereto, we do not feel authorized to hold that there was such an abuse of the discretion vested by law in the trial judge as would warrant this court in overturning the verdict. The evidence of the offense is direct. The witness relied upon by the State, it is true, had against him many discrediting facts. Under the law, however, the jury was privileged to believe him, and this court is not vested with the authority to determine whether a person who is not disqualified as a witness and whose testimony is not self-contradictory or opposed to common experience as to render it unbelievable is to be given credit. As stated above, the law gives to the jury the exclusive authority to determine the credibility of the witnesses.

Under the record as presented, we are constrained to order an affirmance of the judgment.

*Affirmed.*

[Rehearing denied May 28, 1924. Reporter.]