C. F. FERGUSON v. THE STATE.

No. 7873. Decided November 7, 1923.

Rehearing denied November 28, 1923.

1.—Possession of Intoxicating Liquor—Election by State.

Where the related nature of the two offenses and the evidence adduced in support of each of them were such that there was no error in refusing at

an earlier stage of the trial to require the State to elect between the counts, there was no reversible error. Following Gonzales v. State, 12 Texas Crim. App., 663.

2.—Same—Evidence—Confession.

Where the evidence was relevant on both the making and the possession of intoxicating liquor, and having led to the discovery of the whisky, it was not inhibited by the confession statute. Following Torrence v. State, 85 Texas Crim. Rep., 310, and other cases.

3.—Same—Evidence—Manufacturing Whisky.

There was no error in refusing to withdraw the evidence showing that defendant manufactured the whisky in question, as such evidence was relevant on the intent for which defendant possessed the whisky which he made.

4.—Same—Evidence—Burden of Proof—Other Offenses.

The rule excluding evidence of other offenses does not embrace those relevant on the issue of intent, and there was, therefore, no error to show the manner and time of defendant's acquiring it, etc.

5.—Same—Withdrawing Confession—Declarations of Defendant.

Where defendant's declaration that he had sold whisky to others, etc., was not res gestae, but related to a different transaction, remote from the present, and he was then in custody under the meaning of the statute, the testimony was properly withdrawn. Following Clark v. State, 84 Texas Crim. Rep., 390.

6.—Same—Sufficiency of the Evidence—Withdrawal of Testimony.

In view of the testimony of the defendant admitting that he made whisky, the withdrawal by the court of the admissions improperly received, and the fact that the minimum penalty was assessed, there was no reversible error.

7.—Same—Rehearing—Election by State.

Where appellant's motion to require the State to elect was made before it had closed its case, and there was no renewal of the motion when the State had rested its case, he is in no position to complain.

8.—Same—Illegal Testimony Withdrawn.

The admission of illegal testimony will not require a reversal unless such admission was calculated to injure the appellant or leave this question in grave doubt, and there was no reversible error in the instant case.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of illegal possession of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

Nat Llewellyn for appellant.

Tom Garrard and Grover C. Morris, Assistant Attorneys General, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The unlawful manufacture of intoxicating liquor and the possession of such liquor were charged in separate counts. The court charging possession alone was submitted to the jury. The related nature of the offenses and the evidence adduced in support of each of them were such that there was no error in refusing at an earlier stage of the trial to require the State to elect between the counts. Gonzales v. State, 12 Texas Crim. App., 663, and other cases listed in Branch's Ann. Tex. P. C., p. 233.

The sheriff and others entered the house of the appellant and found him engaged in manufacturing whisky. He told the officers that he had made some whisky and put it in a trunk. Upon this information the whisky was found by them in the trunk. The evidence was relevant on both the making and the possession of intoxicating liquor, and having led to the discovery of the whisky, it was not inhibited by the confession statute, C. C. P., Art. 810. See also Torrence v. State, 85 Texas Crim. Rep., 310 and other cases listed in Vernon's Texas Crim. Stat., 1922 Sup., Vol. 2, p. 2595, note 12.

There was no error in refusing to withdraw the evidence showing that appellant manufactured the whisky in question, as such evidence was relevant on the intent for which appellant possessed the whisky which he made.

In discharging the burden which was upon the State to show that the possession of the whisky by appellant was for the purpose of sale, the manner and time of his acquiring it, the quantity on hand, the locality in which it was found and other like circumstances were available to the State. The rule excluding evidence of other offenses does not embrace those relevant on the issue of intent.

While the officers were present with appellant and before his formal arrest, he stated to them that he had "sold whisky to Bagby and others." The court instructed the jury to disregard the testimony of the officers to this fact. The conditions were such as to bring appellant in custody within the meaning of the statute on the subject of confessions. See Clark v. State, 84 Texas Crim. Rep., 390, and others cases in Vernon's Tex. Crim. Stat., 1922, Sup. p. 2593. The declaration mentioned does not seem to have been *res gestae* but to relate to a different transaction remote from the present.

The appellant became a witness in his own behalf and voluntarily testified on his trial that "he was making a little whisky for his own use and because he was unable to work and had to have clothes to wear and something to eat." He said further: "I was making it to support myself and to get food and buy clothes. I sold some to get tobacco."

In view of the testimony of the appellant, the withdrawal by the court of the admissions improperly received, and the fact that the minimum penalty was assessed, the record does not justifv a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

November 28, 1923.

LATTIMORE, Judge.—Appellant strenuously insists that we erred in not reversing this case because the learned trial judge refused to require the State to elect upon which count the prosecution would proceed. The facts in this case do not bring it within the rules requiring the State to elect at the close of its testimony. While the State was introducing its testimony in chief and before it had closed its case, appellant made a motion to require the State to elect. At that stage of the trial the court below declined to grant said motion. When the State had rested its case there was no renewal of the motion or any request that the State be then compelled to elect. Appellant is in no position to complain.

We have again reviewed our former opinion in reference to the testimony of the sheriff concerning a statement made to him by appellant to the effect that he had sold whisky to one Bagby and are of opinion that this matter was correctly decided. The admission of illegal testimony will not require a reversal unless such admission was calculated to injure the appellant or to leave the question of probable injury in such grave doubt as that we are unable to believe the introduction of such testimony harmless. Under the facts of the instant case we deem it altogether unlikely that the introduction of said testimony could have injuriously affected the result of appellant's trial, and the motion for rehearing will be overruled.

*Overruled.*