## B. H. JOHNSON v. THE STATE.

No. 7641. Delivered November 12, 1924.

No motion for rehearing filed.

1.—Manufacturing Intoxicating Liquor—Evidence—of Other Offenses—Not Admissible.

Over the objections of appellant, the state was permitted to prove by the witness Rogers, that some four months prior to the raid and arrest of the parties, appellant got into the wagon of witness with some whisky in fruit jars, and in a box. It is difficult to determine just when testimony of this character is, or is not admissible, and it depends upon the particular facts in a case whether it should be admitted. An accused should be tried on the merits of each case, and proof of disconnected and separate offenses, when the only purpose such proof would serve would be to show that accused was a criminal generally, should not be admitted. See Venn v. State, 89 Tex. Crim. Rep., 537, 232 S. W. 822, Branch's Ann. P. C. page 99, Sec. 166.

2.—Same—Evidence—Hearsay—Not Admissible.

The state over appellant's objections was permitted to prove a conversation between the witness, Phillips, and others, in which he, the witness Phillips told the others that he had caught Hyatt, James and appellant at the still. This testimony was purely hearsay, and should not have been admitted.

3.—Same—Evidence—Cross-Examination.

Where appellant introduces a part of a conversation by a witness, the state upon cross-examination, has the right to prove all of such conversation. See Art. 811 of Criminal Procedure.

98 T. C.—27.

4.—Same—Charge of Court—Special Instructions—Refusal of.

To bring forward for review the refusal of the court to submit special instructions it is necessary that the record show affirmatively, either by notation upon the charges themselves, that they were presented at the proper time and exceptions reserved to their refusal, or such question must be preserved by a formal bill bringing the matter forward. See Craven v. State, 93 Tex. Crim. Rep., 328 and other cases cited in opinion.

5.—Same—Indictment—Negativing Exceptions—Not Necessary.

It is not necessary for an indictment to negative the exceptions for which intoxicating liquor may be manufactured.

6.—Same—Charge of Court—on Exceptions in Statute.

Unless the issue is presented as defensive matter, it is error for the court to charge that it is not necessary for the state to prove that the whisky was for one of the excepted purposes, and that the burden was on appellant to show that it was manufactured for one of the excepted purposes.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. Spotswood H. Sanders, Special Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*S. M. Adams,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor with punishment assessed at one year in the penitentiary.

The facts, condensed, follow: On August 25th, 1922, officers went to a point on a branch in a pasture belonging to one Hyatt. They found fourteen barrels of mash, and a still which was not in operation at the time. Across the branch to the south under some brush they found two and a half gallons of whisky in jars. Hyatt was working around the still, apparently emptying it and pouring the contents into barrels. The first time appellant was noticed by the officers he was some ten or fifteen steps east of the still; was standing facing it and had apparently been coming in that direction. He was not seen by the officers to do anything around or in connection with the apparatus. A witness by the name of Dee Phillips testified that about three weeks prior to the incident testified to by the officers he saw Hyatt, James and appellant at the point where the still was found by the officers with a wagon and twelve barrels; that he was some fifty or sixty yards from them at the time but that the next day he went to the place and then found fourteen barrels with some mash in them, also a copper still in a sack secreted in a tree or bush. On

Wednesday prior to the arrest this same witness claims to have seen the same three parties at the same place, the still at that time being in the bed of the branch with a fire under it. Much evidence was introduced questioning the correctness of the statement of Phillips as to the presence of James and appellant at the still on Wednesday prior to the raid by the officers. A great deal of testimony was to the effect that on that day these two parties were at a different place. Appellant's own testimony, supported in some respects by other witnesses, accounted for his presence near the still at the time of the raid as follows:

He claimed that while at the store on that morning he had been told there was good fishing at a particular point on the river and that he had started to this place for the purpose of fishing; that the nearest and most direct route from his home to the river was down the branch on which the still was found; that he did not know of the presence of the still, had not been there prior to that time, nor had any connection therewith; that just before he reached the still he met James who said he would go fishing with him and who told appellant that Hyatt was down there; that appellant told James he would wait for him where Hyatt was; that as he approached the point where the still was located he recognized the sheriff and asked him what he was doing there and the sheriff replied that he was hunting for a "shinney mill."

Under the foregoing state of the evidence the district attorney was permitted to prove by witness Rogers over appellant's objection that some four months prior to the raid and arrest of the parties witness was on his way to Nacogdoches in his wagon; that as he passed appellant's house the latter came out and got in the wagon having with him some whisky in a fruit jar and other whisky in a box. This evidence was objected to as showing an independent offense long prior to the transaction under investigation, having no connection therewith and throwing no light thereon. Our present statute relative to illegal transactions in connection with intoxicating liquor is so comprehensive in its scope and denounces as separate offenses so many different phases which necessarily intermingle with other offenses of similar character that this court finds it difficult to make application of the well established rules regarding proof of other offenses. Where an illegal *sale* of liquor is charged we think the limitation as to showing other sales is properly announced in Burton v. State, 93 Texas Crim. Rep., 335, 247 S. W. 869, and the authorities cited therein; but the principle upon which those decisions rest does not apply here and we must look to the general rule permitting proof of other crimes to see if the evidence here complained of comes within any of the exceptions. Mr. Branch in his Annotated Penal Code, page 1285, Section 2347 concisely, and, we think, correctly says:

"Proof of other offenses is admissible if (1) such proof is a part of the *res gestae* of the alleged offense for which defendant is being tried, (2) or if it tends to show intent when intent is an issue, (3) or serves to prove identity when identity is an issue, (4) or when it is sought to show the guilt of defendant by circumstantial evidence and such proof of another offense connects or tends to connect the defendant with the alleged offense for which he is being tried, (5) or when it tends to defeat the defensive theory."

There was no question or identity nor of *res gestae* and subdivisions 1 and 3 may be dismissed. The learned trial judge appears to have admitted this evidence under the second subdivision of the rule stated on the question of appellant's intent. In his explanation to the bill he adverts to the fact that appellant had been seen at or near the still a few days before the raid by the officers, and accounted for his presence at the time of the raid by explaining that he was "going fishing" and that his route carried him by where the still was located, and states that Rogers' evidence was admitted as bearing on the "innocent intention" of defendant. Where "intent" is necessarily an element of the offense charged and that becomes an issue upon the trial then proof of other offenses which throw light upon the intent of accused in the commission of the offense under investigation becomes admissible. There was no question of intent in this respect in the present case. There was no pretense that the liquor was being manufactured for any of the excepted purposes, but a denial *in toto* by appellant that he had any connection whatever with the enterprise. The State's contention was that appellant was present for the purpose of engaging in the manufacture of liquor, while the defensive testimony accounted for an innocent presence. We do not believe Rogers' evidence was admissible upon the theory which appears to have been entertained by the learned trial judge; if so, in every case where a party may be charged with violating any phase of the liquor law, his connection with any other character of violation thereof would be equally provable as was the fact here complained of. The State sought to show appellant's guilt of manufacturing whisky by circumstantial evidence and the court so instructed the jury. Now, if the proof made by Rogers showing the transportation of whisky in April or May connected or tended to connect appellant with the alleged offense of manufacturing it the latter part of August it was admissible, otherwise, not. Where the State seeks to make out its case upon a charge of manufacturing liquor by circumstantial evidence it can not be questioned that evidence showing accused to have been in possession of liquor, or of selling or offering it for sale at or about the time of the alleged manufacture would be under many circumstances pertinent and cogent proof; but this must necessarily depend upon the facts of each particular case. There is no evidence in the record

now before us either direct or circumstantial which suggests the operation of the still in question by any one, or of appellant's connection therewith, further back than the first of August; and the only evidence tending to connect appellant with it for longer than a week before the raid by the officers is from a witness who was shown to be hostile to appellant and the accuracy of whose statements was assailed in various ways. Under this State of facts we are unable to see the relevancy of the evidence complained of. It neither connected nor tended to connect appellant with the offense of manufacturing liquor on the 25th day of August, but only tended to show that four months prior thereto· he had been connected with another whisky transaction of an entirely different nature and which perhaps constituted another independent crime. An accused should be tried on the merits of each case and it is error to admit proof of disconnected and separate offenses when the only purpose such proof could serve would be to show that accused was a criminal generally. Venn v. State, 89 Texas Crim. Rep., 537, 232 S. W. 822; Branch's Ann. Penal Code, page 99, Section 166.

By Lawson Johnson appellant proved that immediately after the arrest witness requested Dee Phillips, the main State witness, to point out the place where the still was claimed to have been found, to which Phillips replied, "I don't have any business down there." It is further in proof by the witness that the feeling between Phillips and appellant was not good. Upon cross-examination the State, over objection, was permitted to prove that Phillips in an entirely different conversation had told the witness that he (Phillips) had caught Hyatt, James and appellant at the still. We observe nothing which would relieve this of the condemnation of being hearsay testimony, and are not able to say that it was not hurtful to appellant in the present case. Phillips' testimony was challenged in various ways and the State should not have been permitted to support him by his own hearsay statements.

The matter complained of in bill of exception number eight apparently presents no error. Appellant had placed Oscar Phillips upon the witness stand and had proven by him that the State's witness Dee Phillips was unfriendly towards appellant, and had gone further and proven that he had heard his father (Dee Phillips) say that appellant ought to be in the penitentiary. The matter elicited by the State upon cross-examination appears to have been a part of the same conversation introduced by appellant and was therefore admissible under authority of Article 811, Code of Criminal Procedure.

Appellant complains in his brief of the refusal of the court to submit certain special instructions. The charges themselves do not show that they were requested at the proper time and only show they were

"refused" by the judge. They bear no notation showing that exception was reserved to their refusal and there are no bills of exception curing this defect. We have frequently held that to bring forward for review the refusal of the court to submit special instructions it is necessary that the record show affirmatively either by notation upon the charges themselves that they were presented at the proper time and exception reserved to their refusal, or that such question must be preserved by formal bill bringing the matter forward. Craven v. State, 93 Texas Crim. Rep., 328; 247 S. W. 515; Brooks v. State, 93 Texas Crim. Rep., 206, 247 S. W. 517; Hickman v. State, 93 Texas Crim. Rep., 574, 248 S. W. 679; Linder v. State (Texas Crim. Rep.), 250 S. W. 703.

The indictment in the present case did not negative the exceptions for which intoxicating liquor may be manufactured; it was not necessary for it to so contain the exceptions. The court, however, charged the jury in substance that the State was not required to prove in the first instance that the manufacture of whisky was not for one of the excepted purposes, but that when the evidence shows that appellant manufactured whisky (if he did) then the burden was on appellant to show that such manufacture was for one of the excepted purposes. Exception was properly reserved to this portion of the charge on the ground that no such issue was raised by the evidence. The form of the charge is also criticised. We think the objection well taken that no necessity existed for the court to charge upon this subject at all. Appellant did not defend upon the ground that whisky was being manufactured for one of the excepted purposes but denied any connection with its manufacturer whatever. Jones v. State, 257 S. W. 895. We do not discuss the form of charge further than to caution that when the evidence raises the issue this charge should be so framed as to avoid depriving appellant of the reasonable doubt to which he is always entitled. If there arises from the evidence developed by the State, or from evidence introduced by appellant, a reasonable doubt in the minds of the jury as to whether appellant was manufacturing intoxicating liquor for one of the excepted purposes there would be necessarily be in the jury's mind a reasonable doubt as to his guilt, and the charge should be so framed as to advise the jury that under this State of facts accused would be entitled to an acquittal. (Jones v. State, supra.) Walker v. State (No. 8212, opinion April 2d, 1924).

For the errors pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*