## WILLIS WEBB v. THE STATE.

### No. 9132.   Delivered May 27, 1925.

**1.—Possessing Intoxicating Liquor—Evidence—Properly Admitted.**

Where on a trial for possession of intoxicating liquor for purposes of sale, the defensive theory being that the possession was for medicinal purposes, evidence that a well beaten path led to a house some eighty feet from the residence of appellant, in which a still was found in operation manufacturing corn whisky was properly admitted. We think it proper to connect him by circumstances with the manufacture of the liquor in the house where the still was in operation.

**2.—Same—Charge of Court—Special Charges—Properly Refused.**

Appellant's special requested charges attempting to set forth grounds upon which appellant should be acquitted if he possessed the liquor for medicinal purposes, was properly refused because covered by the main charge of the court.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of possession of intoxicating liquor for purposes of sale; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Jefferson County for possessing intoxicating liquor for purposes of sale; punishment, one year in penitentiary.

Four bills of exception were reserved. It appeared that a short time before the search of appellant's house which revealed the presence of a forbidden quantity of intoxicating liquor, officers had found a still in a house not far from the residence of appellant. The testimony showed that a plain, well-beaten path led from appellant's house to the house in which the still was located. Bill of exceptions No. 1 complains of a question to witness Pollock as follows: "What if anything did you find in that house that you said the trail led to?" The witness over objection was permitted to state that he found a still in operation. The objection appearing in the bill seems to be that it called for testimony of something that occurred at a different time and place from that set out in the indictment as being the date of the possession for the purpose of sale of

the liquor charged in the instant indictment. We think the testimony admissible. If we understand the defensive theory, it was that appellant had purchased the quantity of whiskey found on his premises for medicinal purposes and that he did not have it or make it nor was he in anywise connected with it for the purpose of sale. To rebut this defensive theory the State proved appellant's destruction of the large jug of whiskey found, and, the case being dependent upon circumstantial evidence, we think it proper to connect him by circumstances with the manufacture of liquor in the house where the still was in operation, said house being located some eighty feet from the residence of appellant.

Bill No. 2 complains of testimony of the officer that a few nights prior to the time appellant was arrested he went to a house near that of appellant to which a plain path went from the home of appellant and there found a still making corn whiskey, that being the kind of liquor found in appellant's possession by the officers on the occasion of the search of his house a few nights after the finding of the still. We think this testimony admissible.

The bill complaining of the introduction of evidence of the fact that in appellant's house and in the house where the still was in operation, were found a number of empty bottles of a peculiar kind, presents no error. The evidence was admissible as a circumstance tending to show the purpose for which appellant had the whiskey in his possession and for which it was being manufactured.

The remaining bill of exceptions complains of the refusal of the court to sustain appellant's motion to strike out the testimony which had been received over objection under the circumstances detailed above. It follows that we think the court did not err in overruling the motion to strike out.

Appellant's special charge No. 2 defining prima facie evidence was given. Appellant's special charge No. 3 attempting to set forth grounds upon which the appellant should be acquitted if he possessed the liquor for medicinal purposes, was properly refused because covered by the main charge of the court. Special charge No. 4 seems to have been given. Special charge No. 5 was refused, but neither by anything appearing in the charge or any notation thereon, nor by separate bill of exceptions, is it made to appear that the charge was presented at any proper time or manner.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*