## R. M. Todd v. The State.

No. 9138.    Delivered October 7, 1925.

1.—Sale of Intoxicating Liquor—Evidence—Of Other Offenses—Not Admissible.

Where on a trial for the *sale* of intoxicating liquor, evidence of a witness that he had bought whisky from appellant several times but could not remember the date of such purchases, was erroneously admitted, not coming within any of the exceptions to the rule excluding such testimony.

2.—Same—Continued.

There is a distinction between the admission of collateral offenses, where the charge is possession of intoxicating liquor for the purposes of sale, and a trial for the sale of such liquor. Where there is evidence of possession it is competent for the state to prove by relevant evidence the other essential element, that is, that the possession was for the purpose of sale. Upon such an issue evidence of sales, contemporaneous to the possession is relevant, and admissible. Distinguishing Atwood v. State, 96 Tex. Crim. Rep. 251. Following Nichols v. State, 260 S. W. 1050. See also Underhill's Crim. Ev. 3d Ed., Sec. 151, note 53.

Appeal from the District Court of Eastland County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction of sale of intoxicating liquor; penalty, twenty-one months in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of twenty-one months.

Consallaus, the alleged purchaser, testified that on the 30th day of June, he purchased from the appellant a drink of whisky for which he paid him seventy-five cents.

As a part of its original case, the State received, over proper objection by the appellant, testimony of the witness Bowland, to the effect that he had purchased whisky from the appellant a number of times but that he could not fix the dates. We have been able to discern no legal reason for receiving the testimony mentioned from the witness Bowland. It seems to have been a receipt of evidence of the commission of other offenses without its coming within any of the exceptions to the rule excluding such testimony. In a bill of exceptions the learned trial judge refers to the case of Atwood v. State, 96 Tex. Crim. Rep. 251. It is thought that in making this reference the learned trial judge has overlooked the distinction between the present case and the Atwood case, which was one in which the offense charged was the possession of intoxicating liquor for the purpose of sale. There being evidence of possession, it was competent for the State to prove by relevant evidence the other essential element in the offense, namely, that the whisky was possessed for the purpose of sale. Upon such an issue, the sale of whisky, as developed by the evidence in that case was relevant. In the present case, there was no issue of intent. The sole question was, did the appellant sell the whisky to Gonsallaus? Gonsallaus testified that this was done. Appellant did not deny it and offered no testimony controverting it. The general rule which excludes evidence of other offenses has not been abrogated nor intentionally modified, though the difficulty of its application in cases in which the violation of the liquor prohibition laws were charged, has been recognized. See Nichols v. State, 260 S. W. Rep. 1050; Underhill's Crim. Ev., 3d Ed., Sec. 151, note 43.

Much more than the minimum penalty was assessed. For that reason the error in receiving proof of other like offenses cannot be regarded as harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*