## Bob Turner v. The State.

No. 9371. Delivered October 21, 1925.

1.—Keeping · Gaming House—Evidence—Bolstering up Witness—Improperly Admitted.

Where on a trial for keeping a gaming house the main state witness, Fullbright was assailed on his cross-examination by appellant, who sought to show him to be a general lawless character many times charged with violation of the law, it was error to permit the state, in an effort to bolster up said witness, to prove by the Adjutant General of this state that the witness had worked under him in the ranger service, and that his work was satisfactory. Such testimony was hearsay and the opinion of the witness, and should have been excluded.

2.—Same—Continued.

And so when the credibility of said witness Fullbright had been seriously assailed, it was also error to permit the state to prove by the witness Barton, Adjutant General of the state, that "It is absolutely necessary, if you accomplish anything, it takes a gambler to catch a gambler, a boot-legger to catch a boot-legger, etc." Such testimony was irrelevant, in an effort to support a discredited witness, and permitted the state to introduce a theory of criminal investigation that is to say the least unique and unusual. ·

3.—Same—Evidence—General Reputation—When Admissible.

Where an application for a suspended sentence is filed, it is permissible for the state to prove that appellant's general reputation for being a peaceable, law-abiding citizen is bad, but it was error for the court to also permit the state to prove that appellant's reputation for being a gambler was bad. Following the rule laid down by Judge Lattimore in the case of McMullen v. State, 265 S. W. 582 and also Wilmerling v. State, 272 S. W. 463.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping a gambling house; penalty, two years in the penitentiary.

The opinion states the case.

*W. C. Wofford,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Travis County on a count in the indictment charging him with unlawfully keeping and being interested in keeping a building and room, situated in Travis County, Texas, for the purpose of being used as a place to bet and wager money and other things of value at a game played with dice, and to gamble with dice, and as a

place where people did then and there resort to bet and wager money
and other things upon games played with dice and to gamble upon
games played with dice, and his punishment assessed at confine-
ment in the penitentiary for a term of two years.

The State relied very largely upon the testimony of one Joe Full-
bright to establish the offense charged, and by bill of exceptions No.
5, appellant complains that after the testimony of the witness Full-
bright had shown that he was at one time in the ranger service
under Adjutant General Barton, the State asked the witness Barton
and was permitted to prove by him that the witness Fullbright had
been employed in the ranger service while Barton was Adjutant
General, and that his services in the ranger service were satisfac-
tory. The court attempted to qualify this bill as follows:

"In the trial of this case the State relied largely for a conviction
upon the testimony of Joe Fullbright. The credibility of this wit-
ness was attacked by proof that he was a general criminal, and had
frequently violated the laws, for which violations he had been
charged in one form or another. In the examination of Fullbright,
he was asked specifically about violating the law while in the serv-
ice and employ of the Adjutant General's Department. After
this attack was made upon Fullbright, both generally and specifi-
cally, the court considered that the State should be allowed the
right to show that his services while in the employ of the Adjutant
General's Department had been satisfactory. The witness had been
attacked in every way, and even his conduct while in the employ
of the State Department had been attacked. Perhaps the District
Attorney could, by proper objections, have limited the attack to
some extent, but that was a matter which rested with him and not
with the court. The court was of the opinion then, and is now of
the opinion, that the District Attorney knew what he was doing,
and permitted defendant's counsel to make all the attack he want-
ed, and supposed at that time that the District attorney believed
that he would be able thereby to reap some character of advantage.
After this attack had been made, the court permitted the District
Attorney to prove by persons who had employed Fullbright, that
his services were satisfactory, and this was admitted because it was
sustaining the witness upon points concerning which the defendant had
made an attack upon the witness."

We cannot agree with the ideal indicated in the qualification, of
the function of a trial court. But aside from this, it is manifest
from this bill of exception and especially from the qualification
thereto that the State was attempting to support its impeached
witness in a manner not authorized by law. The question of wheth-
er or not the witness' services had been satisfactory to the former
Adjutant General was wholly irrelevant and immaterial and by

allowing the State to make this proof the court permitted the State to support this witness by the opinion of a third party concerning an extraneous and an immaterial matter. We cannot hold in this case that because counsel for appellant may have asked the witness Fullbright illegitimate questions without objections from the State that it therefore entitled the State to make proof of illegitimate and immaterial facts in the face of an objection by appellant timely made.

Again, it may, we think, be properly stated that the court's qualification fails to show that the witness Fullbright was improperly examined by counsel for the appellant. If Fullbright had violated the law while in the service and employ of the Adjutant General's Department, or at any other time not too remote, and the violation had been reduced to legal charges, it was a proper inquiry on the part of appellant as affecting the witness' credibility and the fact that appellant had taken advantage of this right to make such inquiry would not make it proper for the State to meet this inquiry with the mere opinion of the Adjutant General to the effect that the witness' services in that department had been satisfactory.

Complaint is also made at the court's action in permitting the witness Barton to testify that it was necessary in the enforcement of the criminal laws of the State to employ crooks as enforcement officers. The bill shows that the witness Barton testified:

"It is absolutely necessary if you accomplish anything, it takes a gambler to catch a gambler, a bootlegger to catch a bootlegger, etc. You can't catch law violators with preachers."

The court qualified this bill by stating that upon the trial of this case the State relied largely upon the testimony of one Joe Fullbright for conviction. Fullbright was seriously attacked as a witness by counsel for the defendant and by cross-examination defendant showed that he had been charged with crime and that he was generally a person of doubtful standing and perhaps had been engaged more or less in numerous law violations, for which he had been charged either in one manner or another. The qualification further shows that this was all admitted by the court for the jury to take into consideration in passing upon the credibility of this witness. The testimony showed that this witness had been in the employ of the Adjutant General of the State of Texas as a criminal investigator, and criticism of that fact, if not made directly before the jury, the character of questions propounded to the various witnesses were all such as suggested that the employing of a man of the type of Fullbright by an agency of the State Government deserved criticism. The State in an effort to give as much credit as was fair to the witness Fullbright, called T. D. Barton, then Ad-

jutant General of the State of Texas, to the witness stand and elicited from him the foregoing testimony. This testimony was clearly inadmissible. It forsook the realm of legitimate investigation and was in effect permitting the State to not only prove matters that were immaterial and irrelevant in an effort to support an admittedly discredited witness, but it went further and permitted the State to introduce a theory of criminal investigation, that is to say the least unique and unusual.

By bill of exceptions No. 7, complaint is made at the court's action in permitting the district attorney to ask the father of the appellant if the defendant didn't have a bad reputation and if every one of his boys didn't have a bad reputation as gamblers? It was permissible for the State to prove that appellant's reputation as being a peaceable, law-abiding citizen was bad if it could do so, in view of the fact that appellant had filed an application for a suspended sentence. It was not admissible, however, for the State to show that appellant's reputation as a gambler was bad. The offense for which he was being tried was for keeping a house for the purpose of gambling and for the State to be permitted to prove that he had a bad reputation as a gambler was in violation of the rule laid down by Judge Lattimore in the case of McMullen v. State, 265, S. W., 582. Also see Wilmering v. State, 272 S. W., 463.

From what has been said above, it follows that, in our opinion, the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.