## WILLIAM DOWNS V. THE STATE.

No. 11148.    Delivered November 16, 1927.

**Manufacturing Intoxicating Liquor—Evidence—Of Accused's Reputation—Improperly Admitted.**

Where appellant was on trial charged with manufacturing intoxicating liquor it was reversible error to permit the state to prove by several officers that he was a man reputed to be an excessive user of intoxicating liquor and that he was reputed to have been caught manufacturing whiskey and was reputed to be a man who bootlegs whiskey. Under no recognized rule of evidence known to civilized society was such hearsay evidence permissible.

Appeal from the District Court of Panola County.    Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Long & Long* of Carthage, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of intoxicating liquor, punishment three years in the penitentiary.

The testimony shows without controversy that appellant was manufacturing intoxicating liquor. He, in fact, admits it, claiming that it was being manufactured for medicinal purposes and

offering considerable evidence to sustain his theory. Over objection of appellant the witness, Ike Metcalf, was permitted to testify, regarding appellant, as follows:

"I have been an officer first and last there at Beckville for several years. Yes, I am well acquainted with old man Downs. Asked if he is not a man reputed to be an excessive user of intoxicating liquors, I will say that I have not seen him drinking any, but it has been talked. It has been talked that he has been reputed to be an excessive user of intoxicating liquor. Yes, he is a man reputed and he has been caught manufacturing, and he is reputed to be a man who bootlegs whiskey."

Somewhat similar but less damaging testimony was given over objections from appellant by three other witnesses. This testimony was not brought out in response to anything proven by appellant, but was offered in evidence apparently for the purpose of rebutting appellant's defensive theory. This testimony placed before the jury the unsworn statements made about appellant in the community by persons whose identity was unknown, without an opportunity of cross-examination by appellant and under circumstances making it impossible for him to offer rebuttal evidence. It amounted to direct proof that public opinion was against appellant and regarded him as an excessive drinker and bootlegger. The old and apparently technical rule that forbids the introduction of evidence touching defendant's reputation unless such issue has first been tendered by appellant was evolved from human experience, which found it necessary to protect men on trial for crime from proof of matters which tended only to inflame and sweep the minds of jurors from the real issue to be tried. Inflamed or misguided public opinion has always been one of the chief foes of justice and orderly procedure in our courts, and it is probably as much so today as it was the day it raised its unreasoning hand before Pontius Pilate. In this case no issue of appellant's general reputation in any respect was tendered, but even if it had been, proof that he was reputed to be an excessive drinker and bootlegger was inadmissible. Gothard v. State, 252 S. W. 508; Burns v. State, 252 S. W. 509; McMullen v. State, 265 S. W. 582; Wilmering v. State, 272 S. W. 463; Turner v. State, 276 S. W. 705; Lovelady v. State, 255 S. W. 415.

Nor was same admissible, as seems to be contended, for the purpose of rebutting the defensive evidence that the whiskey in question was being manufactured for medicinal purposes. No doubt it is admissible to prove, as is contended herein, that appellant was using the manufactured whiskey as a beverage

and not as medicine, but this fact cannot be proved by the hearsay, unsworn statements of unidentified persons. Such proof, if permitted, would tend only to inflame the minds of the jury against appellant and bare him to the barbed shafts of gossip and rumor.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.