E. J. UHL v. THE STATE.

No. 12186. Delivered October 31, 1928.
Rehearing denied April 10, 1929.

186

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, three years in the penitentiary.

The record is before us without any statement of facts.

Complaint is made that at a certain point in the trial objection was made by appellant to testimony, the admissibility of which was urged by the State. The court said in a voice slightly raised, in the presence and hearing of the jury, that "The case was reversed before because of the admission of such testimony." Exception was reserved to the action of the court, it being claimed that this called the attention of the jury to the fact that appellant had been before convicted. The bill of exceptions does not negative the fact that otherwise during the trial the jury had learned or been told of the result of a former trial. The court gave to the jury the following charge:

"Throughout the progress of this trial, you have probably learned that the case has been tried before, and some of you may know the result of such trial, however if you do, or do not, the result of any

former trial of this case or the fact that it has been once tried before will not be considered by you for any purpose in arriving at a verdict in this case. You will try the case solely and alone upon the evidence and the charge of the court."

We do not think the bill sufficiently shows error and especially in the absence of the facts. It becomes difficult for this court to appraise such bills when we have no facts before us. It is nowhere made to appear that reference to such statement of the court was made by any of the jurors, nor is it claimed that the result of such former trial was discussed or alluded to by any juror or anyone else save and except the passing remark made by the court. Baines v. State, 43 Texas Crim. Rep. 491; Salazar v. State, 55 Texas Crim. Rep. 307; Smith v. State, 52 Texas Crim. Rep. 344; Moore v. State, 52 Texas Crim. Rep. 336; Coffman v. State, 73 Texas Crim. Rep. 295; Witty v. State, 75 Texas Crim. Rep. 440.

Bill of exceptions No. 2 sets out that witness Burke swore relative to the finding in appellant's possession of a Dodge car, the numbers of which had been changed, and that same was a stolen car. The court in his charge instructed the jury not to consider Burke's testimony on this point. Complaint is made in the bill of the argument of the State's attorney to the effect that appellant had in his possession a Dodge coupe whose numbers had been changed and which was a stolen car, also that he had in his possession the John Land car, another stolen car. The ground of appellant's complaint seems to be that the court had withdrawn all testimony relative to said Dodge car. We cannot agree with appellant that this is error. True, the court withdrew from the jury Burke's testimony, but for aught we know from this bill, or this record, there may have been a dozen witnesses other than Burke who testified, not from hearsay as the bill shows Burke did, but from knowledge, that appellant had in his possession the stolen cars referred to. No citation of authorities is needed to make plain the proposition that the bill itself must manifest the error complained of.

Bills of exception Nos. 3, 4, 5 and 6 cannot be appraised in the absence of a statement of facts.

Complaint of argument of the State's attorney, which was first made in the motion for new trial, and attempted to be brought here by bill of exceptions complaining of the refusal of the motion for new trial, does not appear to have been made at the time of such argument. No exception was then reserved, nor was any special charge presented seeking to cure the effect of the argument. We

188

have held complaint of such argument in the motion for new trial to be too late. Davis v. State, 100 Texas Crim. Rep. 617; Kimbrough v. State, 100 Texas Crim. Rep. 385; Bramlett v. State, 93 Texas Crim. Rep. 347; Lewis v. State, 83 Texas Crim. Rep. 159; Kirby v. State, 68 Texas Crim. Rep. 63.

The indictment correctly alleges the offense, and seems to have been followed by the charge of the court. No error appearing, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We do not question but that it was an unfortunate slip for the trial judge in excluding testimony being insisted upon by the state to have remarked that "the case was reversed before because of the admission of such testimony," but in view of the instruction given by the court as set out in our original opinion we do not feel justified in basing a reversal upon the incident; especially is this true where we do not have all the facts before us. If the issue of guilt was sharply contested the harm of such a remark might be instantly apparent, whereas if the evidence was practically uncontroverted on the question of guilt the remark would seem of little consequence.

The motion for rehearing is overruled.

*Overruled.*