VERNON DORSEY v. THE STATE.

No. 12345.   Delivered February 20, 1929.

The opinion states the case.

*H. L. Edwards* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still and equipment for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for two years.

About the 1st of June, 1928, officers found appellant and his wife near two stills and some barrels of mash.   The stills were not in operation, but appeared to have been in use.   At the time the officers approached appellant was pouring some hops in one of the mash

barrels. He also had some sugar with him. The officers were of the opinion that he had forty or fifty pounds of sugar. They searched appellant's residence but found no whisky therein. They had seen appellant at the still two days prior to the time they made the raid. A witness for the state testified that some time early in the year 1928 or late in the year 1927, he bought some whisky from appellant, paying him seven dollars a gallon therefor. Appellant's wife testified that she and her husband were gathering huckleberries when they accidentally came upon the still; that they had only been there about 15 minutes when the officers approached. Appellant did not testify.

Appellant timely objected to the testimony of a state's witness to the effect that he bought some whisky from appellant some time during the first part of the year 1928, or the last part of the year 1927, the ground of objection being that such proof disclosed a "separate and independent offense and would serve no purpose" except to inflame the minds of the jury and prejudice appellant's rights, and further that said transaction was too remote. We think the objection should have been sustained. It is error to admit proof of disconnected and separate offenses when the only purpose such proof could serve would be to show that the accused was a criminal generally. There are recognized exceptions to the rule, among them being that proof of other offenses is admissible if (1) such proof is a part of the res gestae of the alleged offense for which the accused is being tried; (2) or if it tends to show intent when intent is an issue; (3) or serves to prove identity when identity is an issue; (4) or when it is sought to show the guilt of accused by circumstantial evidence, and such proof of another offense connects or tends to connect the accused with the alleged offense for which he is being tried; (5) or when it tends to defeat the defensive theory. Branch's Annotated Penal Code, Section 2347. The testimony complained of was not within any of the exceptions. It was the state's contention that appellant possessed the still and mash for the purpose of manufacturing intoxicating liquor. The defensive testimony accounted for an innocent presence at the still. No person had seen appellant in possession of the mash and still prior to the latter part of May, 1928. Proof that only tended to show that more than six months prior thereto appellant had been connected with another whisky transaction of an entirely different nature could not under the facts of this case throw any light upon appellant's intent. Such proof neither connected nor tended to connect appellant

with the offense of possessing mash and a still for the purpose of manufacturing intoxicating liquor. Johnson v. State, 266 S. W. 155.

On cross examination, over proper objection, appellant's wife was required to testify that she and her husband had separated. Appellant had not questioned the witness about the matter on direct examination. It was error to permit the state to examine her as to a matter not connected with or germane to her testimony in chief. Without deciding whether, in the state of the record, the error is reversible, we call attention to the matter in view of another trial.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.