ALBERT WEATHERSPOON v. THE STATE.

No. 12359. Delivered March 6, 1929.

The opinion states the case.

*Taylor & Irwin* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawful possession for sale of intoxicating liquor; penalty, one year in the penitentiary.

Two deputy sheriffs of Dallas County found in the back end of a Dodge Coupe a gallon and a half of whiskey. The car was parked at Gravel Slough, described as "twenty-three miles from the court house in the southeast part of the county." Appellant was observed near the car and it was proven that the car belonged to appellant.

For the appellant it was shown that he came to the dance in a Ford car with three other people and that his car was brought without his knowledge or consent to the dance by his son. Appellant's son introduced evidence to show that the whiskey had just been purchased from a negro by him and other boys and placed in the car immediately prior to its search by the officers.

Three bills of exception appear in the record. One of these shows that the prosecuting attorney in his argument to the jury used the following language with reference to appellant and his son:

"I tell you gentlemen what they were doing; this man was down there peddling whisky and had his boy peddling it for him."

The Court certifies as a fact in this bill:

"There was no testimony introduced from any source that the defendant was down there peddling whisky and had his boy peddling it for him."

As a further background for this bill we quote from Bill of Exception No. 2, which was filed by the Court in lieu of a bill prepared by the appellant and refused by the Court. Mr. Patrick, one of the deputy sheriffs was the witness:

"Q. Now, since he has been talking about what you found out, why did you follow Weatherspoon?

"A. Well, because we had been told that he had been—

"MR. IRWIN: Just a minute. Your Honor, we object to that.

"THE COURT: Don't tell what you have been told.

"Q. Mr. Patrick, do you know what his general reputation is in that community—not what you know personally, but what you have heard—as to whether he is a bootlegger that sells liquor or whether he is a peaceable, law abiding citizen?

"A. Well, naturally, I have heard down there that he sells whiskey."

No exception appears to have been taken and no motion made to strike this testimony and it is quoted only to illustrate the action of the prosecuting attorney.

By Bill of Exception No. 1 it is made to appear that this same witness over objection of the appellant testified: "That when he got there (that is to the place where he found an automobile containing

whisky, and arrested the defendant) where the car belonging to the defendant was parked, that he had a description of the defendant's car, and it was a Dodge Coupe." It is claimed that this last statement was prejudicial in that it was calculated to impress the jury with the belief that the officers prior to this time had received information of the presence of the whiskey in his car.

Reverting back to the first bill of exception with reference to the argument of the prosecuting attorney, it will be observed that the Court certifies that "there was no testimony introduced from any source that the defendant was down there peddling whisky and had his boy peddling it for him." The issue of guilt or innocence was rather sharply drawn. One of the essential elements of the offense charged, which it was necessary for the State to prove, was that the whiskey was possessed for the purpose of sale. The statement of the prosecuting attorney furnished the direct evidence which the State needed, but apparently did not have on this issue. This error is accentuated, we think, by the action of the prosecuting attorney in procuring by his question the witness Patrick's statement to the jury over the objection of appellant and in the face of the ruling of the Court that "I have heard down there that he sells whiskey," and further by the improperly admitted statement shown in Bill No. 1, above referred to. These several matters were well calculated to and probably did influence a verdict of guilty on the theory that appellant was an habitual law violator. That the accused was a bootlegger is not admissible as evidence. Downs v. State, 299 S. W. 648, where many authorities are collated. No special instructions were asked to disregard the argument complained of, but we think that under the facts of this case that same constituted reversible error without such request. Brown v. State, 42 Tex. Crim. Rep. 176; Trotter v. State, 37 Tex. Crim. Rep. 468; Leech v. State, 139 S. W. 1147; Wright v. State, 93 S. W. 548; Bullington v. State, 78 Tex. Crim. Rep. 187.

Because of such improper argument the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.