OTTO ENGER v. THE STATE.

No. 13221.   Delivered April 9, 1930.
Reported in 27 S. W. (2d) 170.

The opinion states the case.

*Oxford & McMillan* of Stephenville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

Officers searching the residence of appellant found therein about a pint of whiskey in a half gallon jar and something like a spoonful in each of about a dozen other jars. Another witness testified to appellant having taken him to the woods about this same time and giving him a drink out of a jar. It was shown defensively that the whiskey found by the officers was possessed for medicinal purposes by appellant.

The offense is alleged in the indictment and shown by the testimony to have occurred, if at all, about the 23rd day of March, 1929. Over proper objection by appellant the Court permitted the State to prove by a druggist that on Christmas Eve Day in 1925 or 1924, appellant approached him and asked if he had a supply of Christmas liquor. "I told him we didn't use much, and if I did, and thought I needed it, would probably go to a doctor and get a prescription. And he then told me that he knew where he could get some awful good whiskey and he thought he would see a few of us boys and if we would pay for a service car, he would go and get it and bring it to us. I told him I wasn't interested and he said alright."

By another bill appellant complains of the admission of testimony to the effect that appellant in February, 1929, had told a Mr. Wester that he had been out to a certain county, naming it, that he knew the Sheriff out there. "He said he was alright; he didn't bother the boys up there." Witness further testified that whiskey was the topic of the conversation. "That it was about whiskey proposition though, enforcing of the law, in talking about the Sheriff."

This testimony tended neither to prove the allegations of the indictment herein nor to disprove the defensive theory of appellant. The testimony first mentioned was remote in point of time and in no way connected with the offense charged. Both pieces of evidence tended to prove the willingness of appellant to associate himself with whiskey transactions and to show he was a criminal generally. This testimony tended only, we think, to prejudice the jury and to turn its mind from the real issues of the case. It has been stated:

"The rule which requires that all evidence which is introduced shall be relevant to the guilt or the innocence of the accused is

applied with considerable strictness in criminal proceedings. The wisdom and justness of this, at lease from the defendant's standpoint, are self-evident. He can with fairness be expected to come into court prepared to meet the accusations contained in the indictment only, and, on this account, all the evidence offered by the prosecution should consist wholly of facts which are within the range and scope of its allegations. The large majority of persons of average intelligence are untrained in logical methods of thinking, and are therefore prone to draw illogical and incorrect inferences, and conclusions without adequate foundation. * * * To guard against this evil, and at the same time to avoid the delay which would be incident to an indefinite multiplication of issues, the general rule (to which, however, some very important exceptions may be noted) forbids the introduction of evidence which will show, or tend to show, that the accused has committed any crime wholly independent of that offense for which he is on trial." Underhill's Criminal Evidence (3rd Ed.), Paragraph 150.

As further illustrating the inadmissibility of this testimony, see the following authorities: Wilson v. State, 1 S. W. (2nd) 305; Johnson v. State, 98 Tex. Crim. Rep. 417; Roark v. State, 276 S. W. 242; Robertson v. State, 282 S. W. 587; Downs v. State, 299 S. W. 648; Dorsey v. State, 14 S. W. (2nd) 277.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.