## T. Willis v. The State.

No. 15125.   Delivered May 4, 1932.
Rehearing Denied June 8, 1932.
Reported in 50 S. W. (2d) 308.

The opinion states the case.

*Pat O'Connor* and *J. E. Winfree,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, one year in the penitentiary.

The testimony for the state showed that two officers having a search warrant, on May 30, 1931, about 3 o'clock in the afternoon, went to a place in Houston known as the Home Cafe. They found in said place four coke bottles of whisky in the ice box in the cafe, and two half-gallon jars of whisky back in the kitchen, and also found about 35 bottles of beer, which was home brew and testified to be intoxicating, and they also found some cases of empty bottles. The officer B. A. Derden,

also testified that, after he found the whisky, defendant made a statement to him, and said that he had been in a lot of trouble and just had to try and get by and that the premises were his. The state's witness also testified that at the time he searched the cafe that the railroad men were having a convention in Houston and there were a bunch of railroad men in the cafe at the time. He stated that there might have been some others there besides the railroad men, but the others were not drinking; that some three of the railroad men were pretty well intoxicated.

The defense offered two witnesses, whose testimony was to the effect that on the day previous to the raid that arrangements had been made with the appellant by some of the railroad men attending the convention to have a party in his place of business, and that a man by the name of Bell said that he would get some whisky and beer and asked the appellant if he would keep the whisky and beer in his ice box for them. One of said witnesses testified that the liquor found by the officers, both the beer and the whisky, was brought there by the railroad men and belonged to them, and that appellant kept it in his cafe merely to accommodate them until the next day when they intended to have a party, and that some of the railroad men drank some of the beer, but that the appellant did not receive any money for it.

In rebutting the defendant's testimony, the state showed by the officer, B. A. Derden, that at the time of the raid there was no statement made to him by anybody that whisky and beer were brought there by a man named Bell to be used for an entertainment; that the defendant first said that he did not have a bit of whisky or beer on the place; that all he had was only beer; that after they found the beer, he admitted that it was his. The officer further testified that after they had found the beer and whisky, appellant called him off and said to him, "I am a poor fellow and been in a lot of trouble and hard circumstances. Wouldn't $50 fix this up all right just between me and you and your partner?" That the appellant offered this bribe in the presence of Sanders, the officer who was with him in the raid, and the appellant admitted the beer and whisky was his. He also testified, without objection, that they raided that cafe three times, and sometimes they had the wagon and sometimes they did not.

Bill of exception No. 2 complains of the action of the trial court in permitting the state, over the objection of the appellant, to prove by the witness Derden that "he knew the preceding month or two prior to May 30, 1931, the defendant had been engaged in the liquor business." Defendant objected to the above testimony on the ground that it was irrelevant and immaterial, and that, the defendant not having been put on the stand, his reputation or previous occupation, or trouble, was not in question, and the answer to said question was in effect hurtful and prejudicial to the rights of the defendant, and for the further reason that said

testimony referred to a separate and distinct offense, if any, from the one charged against the defendant, and was attacking his reputation when the same had not been, and was not, put in issue by the defendant. The appellant did not object to the form of the question and answer. We think this testimony was admissible for the purpose of rebutting, and as affecting, the defensive claim that the liquor was not possessed for the purpose of sale, and it was on hand merely as an accommodation for other parties. See Bedford v. State, 75 Texas Crim. Rep., 309, 170 S. W., 727; Todd v. State, 101 Texas Crim. Rep., 425, 275 S. W., 1013.

Complaint is made in the amended motion for new trial that the jurors received other testimony by improper remarks of members of that body. The motion for new trial is not sworn to and no affidavit of any kind is attached to said motion. No bill of exception presents this matter. A controversion of the amended motion for new trial is filed by the state, and the record shows that on the hearing of said motion oral testimony was heard. No evidence appears in the record as to what said oral testimony was. Therefore, there is nothing before this court for consideration.

Complaint is also made for the first time in the amended motion for new trial of a purported statement in the closing argument of the state's attorney. No ruling of the court, so far as the record shows, was asked for or made regarding said argument, nor is any bill of exception filed to the argument. Objection to argument comes too late when presented for the first time in motion for new trial. Brannan v. State, 108 Texas Crim. Rep., 418, 1 S. W. (2d) 279; Uhl v. State, 112 Texas Crim. Rep., 185, 15 S. W. (2d) 615.

Bill of exception No. 1 complains of the refusal of the trial court to give in charge to the jury a special charge requested by appellant to find the defendant not guilty. The testimony offered by the state, if believed, was sufficient to sustain the conviction. The conflict in the testimony was a matter for the jury, and we do not feel called upon to disturb their verdict. There was no exception or objection to the court's charge.

Finding no error that would call for reversal of the case, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Contending that the court's treatment of appellant's complaint in bill of exception No. 2 was improper, reference is made to Weatherspoon v. State, 111 Texas Crim. Rep., 473, 14 S. W. (2d) 1038, and Dorsey v. State, 112 Texas Crim. Rep., 133, 14 S. W. (2d) 277.

In the Weatherspoon case, supra, the conviction was for the unlawful possession of intoxicating liquor. In his argument, counsel for the state said to the jury: "I tell you gentlemen what they are doing; this man was down there peddling whisky and had his boy peddling it for him."

The case was reversed upon the ground that there was no evidence in the record supporting the remarks of counsel.

In Downs case, 108 Texas Crim. Rep., 223, 299 S. W., 648, the conviction was for the manufacture of intoxicating liquor. The penalty was assessed at two years more than the minimum. Downs claimed that the liquor was made for medicinal purposes alone. The case was reversed because the state introduced testimony to the effect that the appellant was reputed to be an excessive user of intoxicating liquor and was also reputed to be a man who bootlegged whisky.

In the Dorsey case, supra, the conviction was for the possession of equipment for the purpose of manufacturing intoxicating liquor with a penalty assessed above the minimum. A reversal took place upon the ground that there was error in receiving proof that more than six months prior to the offense the accused had made a sale of whisky.

In the present case, the conviction is for the possession of intoxicating liquor for the purpose of sale. The defense was in substance that the possession was not for sale but for beverage purposes. It was shown that there was a quantity of intoxicating liquor at the appellant's cafe; that he had been running a cafe for some time.

The testimony of the witness Derden, as shown by the statement of facts, is somewhat in conflict with the bill of exception. Treating the bill, as approved by the court, as properly reflecting the record, the following appears: "B. A. Derden, a witness for the state, testified over objection of the appellant that he knew that during the month prior to May 30, 1931, the defendant had been engaged in the liquor business." There was no objection to the *form* of the question propounded to Derden, but it is contended that his testimony revealed a distinct offense not admissible under any of the exceptions to the rule excluding that character of testimony. Illustrative of the purpose for which the liquor was possessed, it is competent, on the question of intent, to prove other illicit dealings in intoxicating liquor. Among the cases holding such testimony too remote, either in time or otherwise, see Burton v. State, 93 Texas Crim. Rep., 335, 247 S. W., 869; Johnson v. State, 98 Texas Crim. Rep., 417, 266 S. W., 155. As illustrative of instances in which the admissibility of such testimony has been upheld, see Overley v. State, 104 Texas Crim. Rep., 386, 283 S. W., 796; Atwood v. State, 96 Texas Crim. Rep., 249, 257 S. W., 563; Deshazo v. State, 97 Texas Crim. Rep., 490, 262 S. W., 764; Griggs v. State, 99 Texas Crim. Rep., 215, 268 S. W., 940; Webb v. State, 100 Texas Crim. Rep., 193, 272 S. W., 461; McClendon v. State, 101 Texas Crim. Rep., 128, 274 S. W., 159;

Ferguson v. State, 96 Texas Crim. Rep., 53, 255 S. W., 749. In the present instance, the date of the offense was the 30th of May, at which time the evidence is such as to show that there was in the possession of and under the control of the appellant a quantity of intoxicating liquor. In the testimony ·under consideration, it was shown that immediately before the 30th of May the appellant was engaged in the *"liquor business."* It is to be noted that there was no objection to this testimony upon the ground that it was an opinion or conclusion, but the only question raised is the admissibility of the proof that the appellant, at the time mentioned, was engaged in the traffic of intoxicating liquor.

The motion for rehearing is overruled.

*Overruled.*