## J. C. LANEY v. THE STATE.

No. 14550.   Delivered November 9, 1932.
Rehearing Denied January 18, 1933.
Reported in 56 S. W. (2d) 191.

The opinion states the case.

*Birkhead, Beckmann & Standard* and *Linden & Linden,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the hunting law; punishment, a fine of $50.

It is charged in the information in this case that appellant, in the county of Bexar, unlawfully hunted deer by the aid of an artificial light between the hours of sunset and one-half hour before sunrise in a community where deer were known to range. The case was affirmed at a time when there was no statement of facts on file, and later that opinion was ordered withdrawn, and the clerk of the trial court was directed to send up to the clerk of this court the statement of facts which had been timely approved and filed with the clerk of the trial court. The statement of facts is now before us.

If the testimony of the witnesses for the state be taken as true, there would seem practically no question of the fact that appellant and two companions at about midnight were hunting along a road in a car with a spot light which was flashed into the pastures bordering the road as the car in which said parties were, was slowly propelled up the road in what, according to the testimony, was regarded as one of the best deer ranges in Texas. According to said state witnesses, the parties while so engaged fired several shots from rifles into the pastures where the spot light was projected, and on one occasion two of them, after such shots, were observed to leave the car and go into the pastures and with a flash light make searches.

The testimony of the witnesses for the defense is to deny the facts testified to by the state witnesses, and to affirm that appellant and his companions only hunted in the daytime, and on land belonging to one of appellant's companions. The reconciliation of opposing states of fact, under our practice, is for the jury and our statute makes them the exclusive judges of the credibility of the witnesses and the weight of their testimony. We uniformly decline to interfere where there is testimony which, if believed, would support the jury's conclusion. We believe such to be the case here. The only bill of exception was filed too late.

The judgment will be affirmed.

*Affirmed.*

HAWKINS, J., not sitting.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Only one bill of exception appears in the record. Upon original submission it was not considered because of a supposed delay in the filing. It is made to appear that it was in fact filed in time. It is shown by said bill that while giving evidence in his own behalf appellant proposed to testify that he was a contributor to a fund to be used for the enforcement of the game laws. The evidence was rejected on objection by the state. It is insisted by appellant that because the state's case depended on circumstantial evidence the rejected evidence was admissible under the general rule that under such circumstances whatever relevant evidence tends to throw any light upon the matter under investigation is admissible. Appellant did testify to the effect that he had never been charged with a violation of the game law before; that he had hunted deer for seventeen years, and was in favor of the game law and all provisions. It was not a case where appellant admitted doing the acts relied on by the state, but undertook then to explain them in a way consistent with his innocence. He denied doing them at all. His position is that he should have been permitted to introduce the rejected evidence to bolster the denial. We are not inclined to this view. To support its case certainly the state could not have been permitted to show that appellant was known to be a violator of the game law or a contributor to a fund to fight its enforcement. While not directly in point, yet the following cases are thought to support the conclusion announced. Howard v. State, 37 Texas Crim. Rep., 494, 36 S. W. (2d) 475; Weatherspoon v. State, 111 Texas Crim.

Rep., 473, 14 S. W. (2d) 1038; Vance v. State, 45 Texas Crim.. Rep., 434.

The motion for rehearing is overruled.

*Overruled.*